- HUMPHREY *et al. v.* SMITH *et al.*

FISH, C. J. 1. An owner of land executed a deed to secure a note given by him to the grantee, and received a, bond to reconvey the property upon payment of the debt. He died before the debt was paid. An administratrix was appointed on his estate. Suit was brought on the note against the administratrix as such, and in the petition the making of the conveyance was alleged, there being a condition for advancing the maturity of the principal upon non-payment of interest. A verdict was had against the defendant for the amount of the debt, declaring that the plaintiff was entitled to a special judgment and a first lien on the land. A judgment was rendered for the amount of the indebtedness, to be levied on the goods, chattels, lands and tenements of the deceased in the hands of the administratrix, or which might come into her hands to be administered; and it was declared that the judgment was a first lien on the land (describing it). The execution commanded the sheriff that "of the goods and chattels, lands and tenements, of [naming the defendant], administratrix of the estate of [naming the decedent], and especially the following tracts of land against which a special lien is set up by this judgment," he cause to be made the amount of the judgment. A deed was executed to the administratrix as provided in the Civil Code (1910), § 6037, and after it was filed and recorded a levy was made upon the land as the property of the administratrix of the estate of the decedent. A sale was made, and a deed executed to the purchaser, in which was contained a like recital. Subsequently heirs of the deceased debtor brought against the purchaser an action to recover the land, claiming that the sale was void, and alleging that the administratrix consented to the suit being brought by them. Pending this suit, upon application and notice and after a hearing, the court from which the execution issued passed an order making the execution read against the administratrix as such, and the entries of levy read as upon the estate of the decedent in the hands of the administratrix as such, *Held:* There was no error in directing a verdict in favor of the defendant. The security deed placed the title out of the maker thereof. Upon his death, as against the holder of such title, the heirs did not inherit a good title, no attack being made upon the validity of the security deed. The reconveyance to the administratrix was merely for

the purpose of enforcing the judgment by levy and sale in accordance with the terms of the statute, and was not a general relinquishment of title by the creditor. It did not operate to place a perfect title in the heirs of the decedent as against the creditor. The entire record, including the allegations of the original suit, the fact that it was brought upon a note of the decedent, the declaration in the judgment that it was a special lien upon the land as well as a general judgment, and the direction in the execution to the same effect, suffice to show that the proceeding was in substance to recover against the administratrix, as such, a judgment to be realized from the property of the decedent in her hands, and was not to obtain a personal judgment against her, and that the judgment, execution, and sale substantially carried out that purpose. *Wadley* v. *Oertel*, 140 *Ga.* 326 (78 S. E. 912).

2. Under the ruling made in the preceding headnote, there was no error in rejecting the first offered amendment to the petition.

(*a*) Where a debtor conveyed certain lands in order to secure a debt, referring to them as comprising two parcels separately described, and stating that one of such parcels included certain lots numbered according to a plat, but described the entire parcel by metes and bounds in solido; and where, after a judgment which included a general judgment and a declaration of a special lien upon the land so conveyed, a quitclaim deed was filed and recorded for the purpose of making a levy and sale in accordance with the statute, and the sheriff levied on and sold each of the parcels of land separately, the sale of the first parcel was not void, either because it included certain lots numbered in accordance with a plat, or on the ground that the levy was excessive. *Howland* v. *Donehoo*, 141 *Ga.* 687 (82 S. E. 32).

3. In an action to recover land the defendant claimed under a sheriff's sale. On the suit upon which the judgment was obtained and execution issued there was an entry of acknowledgment of service by counsel for the defendant therein. After the evidence on both sides closed, the plaintiff in the present action offered an amendment in which it was alleged that the defendant in the former suit was never served with a copy of the petition and process, that the court had no jurisdiction to render the judgment, and that it was void. There was no allegation that the defendant in that suit did not acknowledge service: *Held*, that it was not error to refuse to allow such an amendment. It did not serve to negative the validity of an acknowledgment of service by attorneys at law purporting to represent the defendant in the case; and moreover it would have required a reopening of the case, to have been of any benefit.

4. After the refusal to allow such amendment, there was no error in rejecting the evidence of the defendant in the former action, to the effect that she was not served with a copy of the petition and process therein, had never authorized counsel to acknowledge service for her, and did not know that the suit was pending until after judgment had been obtained.

(*a*) The course pursued by the court, in permitting the witness to give her testimony on the subject and then directing the jury to disregard it, was equivalent to ruling it out.

*Judgment affirmed. All the Justices concur.*

August 18, 1914. Rehearing denied September 15, 1914.

Equitable petition.　Before Judge Pendleton.　Fulton superior court.　October 25, 1912.

*Lavender R. Ray* and *Westmoreland Brothers,* for plaintiffs.

*Rosser & Brandon* and *Simmons & Simmons,* for defendants.