## MOOSE *v.* THE STATE.

1. There is no merit in the grounds of the motion for a new trial complaining of certain portions of the charge of the court.
2. The defendant being on trial for a criminal assault upon his daughter, a child of tender years, the testimony of a witness for the State, an elder sister of the girl upon whom the alleged assault was made, to the effect that the defendant had threatened the life of the witness during the preceding year, was irrelevant and inadmissible, the threat thus referred to having been made apparently in connection with an assault upon the witness, and relating to the conduct of the defendant in another transaction, and therefore falling within the inhibition contained in the general rule that the conduct of parties in other transactions is irrelevant and inadmissible.

                        JUNE 16, 1916.

Indictment for rape. Before Judge Cox. Decatur superior court. November 17, 1915.

*R. L. Cox, W. H. Krause, A. E. Thornton,* and *Hartsfield & Conger,* for plaintiff in error.

*Clifford Walker,* attorney-general, *R. C. Bell,* solicitor-general, *F. A. Hooper, J. R. Wilson, W. M. Harrell,* and *Mark Bolding,* contra.

BECK, J. J. F. Moose was indicted for the offense of rape, and upon the trial the jury returned a verdict of guilty. The defendant made a motion for a new trial, which was overruled.

1. There is no merit in the grounds of the motion complaining of certain portions of the court's charge.

2. In another ground of the motion for a new trial the defendant excepts to a ruling of the court which permitted a sister of the girl alleged to have been assaulted, who was a witness for the State, to testify that the defendant had "threatened to take her [the witness's] life," over the objection that this testimony was irrelevant and prejudicial. The accused was on trial for committing the offense of rape upon his own daughter, a child fourteen years of age. She had testified that the crime was committed at night after she had retired to bed with her sister, Ethel Moose, in a room different from that in which her father and mother slept. She further testified that her father came to the bed in which she was sleeping and waked her up. At first she pretended to be still asleep. Her younger sister, Ruth, was on the backside of the bed and her elder sister, Ethel, on the front side. After waking the witness, the accused went out for a short while

and came back and told her that she "might as well come on in there," but an infant child in another room awoke and began to cry, and the witness arose and went behind the bed, but the accused again returned, and, finding her out of the bed, searched for her and found her in a place of concealment and told her that she had to come with him. This witness testified to further protest and resistance made by her. When the elder sister, Ethel, was on the stand she testified that she was awake and heard the colloquy between the father and the younger sister; she heard the protests of the latter and her pleadings with her father, but she herself made no outcry.

If the witness last mentioned had made the statement objected to in connection with her narration of the happenings at the time when the accused forced the younger daughter, Minnie, to go with him, it would have been relevant and admissible as tending to explain why she made no outcry and did not come to the assistance of her younger sister in resisting the efforts of her father to force the young girl out of the room; but the testimony objected to was not thus made in that immediate connection, for, after having testified as set forth above, and narrated certain other occurrences immediately succeeding, she stated, "I sent my sister to Mr. Cox's office for a law-book about three months ago, as I wanted to find out what to do in a matter just the same as this rape, not upon my sister but upon myself. My father threatened my life last year, and told me that he would kill me if I told it." Apparently the threat contained in the quotation, "My father threatened my life last year and told me that he would kill me if I told it," was made the year previously, and seemingly in connection with an attempt which had been made upon the witness. Therefore this testimony was inadmissible, falling within the general rule that the conduct of the parties in other transactions is irrelevant matter, unless the nature of the action involves such character and renders necessary or proper the investigation of such conduct. Penal Code, § 1019.

Inasmuch as the judgment of the court below refusing a new trial is reversed upon another ground, it is unnecessary to consider and pass upon that ground of the motion predicated upon newly discovered evidence, as this question can not arise at the next trial.

*Judgment reversed. All the Justices concur, except*

Evans, P. J,. and Lumpkin, J., dissenting. We are constrained to dissent from the ruling made in this case. The reversal is based upon a ground of the motion for a new trial which complains that the court admitted evidence of a daughter of the accused, other than the girl with whose rape he was charged, to the effect that he had threatened her life. There was no exception to admitting evidence in regard to any effort to commit rape upon the witness, but solely to admitting evidence in regard to his having threatened her life. An examination of the record shows that she explained her conduct at the time of the alleged rape of her sister and her own failure to make an outcry, by reason of her fear of her father resulting from his having threatened her life. As explanatory of her conduct, we think the evidence was admissible.