## 23693. ANDERSON v. THE STATE.

CANDLER, Presiding Justice. Ronald Lynn Anderson was indicted for rape in Fulton County, and on his conviction for that offense was sentenced to be electrocuted. He filed a motion for new trial on the usual general grounds which he later amended by adding other grounds. His amended motion was overruled, and from that judgment he timely appealed to this court. *Held:*

The errors enumerated by appellant and upon which he relies for a new trial complain of the denial of a motion to change venue, an order overruling his motion for a continuance, the allowance of evidence respecting other offenses and the denial of a motion for mistrial. These alleged errors will be considered and dealt with in the order of their statement.

1. The accused moved for a change of venue on the ground that

he could not obtain an impartial and unbiased jury in Fulton County because the newspapers of Atlanta had not only given extensive publicity to the offense with which he was charged but had printed and circulated many articles respecting his prior criminal record. On the hearing of his motion there was no denial of the fact that much publicity had been given by the press of Atlanta concerning the act with which he was charged and his past criminal record, but no evidence was introduced showing or tending to show that he could not for that reason obtain an impartial and unbiased jury in Fulton County. In *Coleman v. State,* 141 Ga. 737 (82 SE 227), it was said by a full bench in Headnote 1 of the opinion: "Where an application is made, by one accused of crime, for a change of venue on the ground that an impartial jury can not be obtained, the law devolves on the trial judge the duty and responsibility of making an examination and informing himself of the truth of the averments in the application; and where after hearing evidence the trial court is satisfied that a fair and impartial jury may be had in the county where the crime is alleged to have been committed, this court will not reverse his judgment refusing to change the venue, unless it is made to appear that there has been an abuse of discretion." For like holdings, see *White v. State,* 100 Ga. 659 (1) (28 SE 423); *Rawlins v. State,* 124 Ga. 31 (2) (52 SE 1); and *Morgan v. State,* 211 Ga. 172 (1) (84 SE2d 365). In this case no abuse of discretion is shown.

2. There is no merit in the contention that the court erred in overruling the defendant's motion for continuance. The motion was based on the ground that the court had appointed a named psychiatrist to examine the accused and file a report of his findings relative to his mental condition. It is stated in the brief which counsel for the accused filed in this court that he had on the morning of the trial been furnished with a one-page report of the findings of such psychiatrist and that he had not had an opportunity to consult with him or serve him with a subpoena. The record is completely silent respecting any other effort the accused or his counsel made to secure or subpoena any witness or witnesses for the purpose of showing the mental condition of the accused at the time the offense with which he was charged was committed. It is well settled that motions for continuance are addressed to the sound discretion of the trial judge and that his action

with reference thereto will not be controlled unless abused. *Code* § 81-1419. *Anderson v. State,* 190 Ga. 455 (3) (9 SE2d 642). In the circumstances of this case no abuse of discretion is shown.

3. Appellant contends that the court erred in permitting three named females to testify that he broke into and entered their apartments during late hours of the night, making actual attacks on two of them and attempting to catch the third when she fled, without first showing that he had been tried and convicted for those offenses and without also showing that they were sex or sex-related offenses. It is argued in appellant's brief that the admission of this evidence, over objection thereto, put the character of the accused in evidence when he had not elected to do so and for that reason it was not admissible. The State contends that such evidence was admissible for the purpose of identifying the accused as the person who committed the rape for which he was being tried. We think the court properly admitted the evidence over the objections made thereto. It was not necessary for the State to show that the accused had been tried and convicted of the offenses which the witnesses were permitted to testify about on the trial of this case. *Williams v. State,* 152 Ga. 498 (110 SE 286); *Gossett v. State,* 203 Ga. 692 (3) (48 SE2d 71); and *Lyles v. State,* 215 Ga. 229, 232 (2) (109 SE2d 785). And the testimony objected to strongly points to the conclusion that sex or a sex-related purpose was his motive for breaking into and entering the apartments of the witnesses during late hours of the night. It is well settled by many decisions of this court in rape cases that proof of similar offenses committed by the accused in the same locality, about the same time, and where similar methods were employed by the accused in the commission of such offenses, all as here, is admissible on his trial for the purpose of identifying him as the guilty party and for the purpose of showing motive, plan, scheme, bent of mind, and course of conduct. For some of the many cases so holding, see *Andrews v. State,* 196 Ga. 84 (26 SE2d 263); and *Allen v. State,* 201 Ga. 391 (1) (40 SE2d 144).

For reasons stated above, there is likewise no merit in the contention that the court erred, over objection thereto, in permitting Ray B. Chilton, a witness for the State, to testify that he lived in one of the above-mentioned apartments which

an intruder broke into and entered, an apartment occupied by one of the female witnesses who identified the defendant as such intruder, and that he attempted to apprehend the intruder as he fled therefrom.

4. While J. F. Ingram, a witness for the State, was being examined by the solicitor general, and while he was giving testimony relative to an occasion when Mrs. Mabel Lambertos picked the defendant out of a line-up, the solicitor general stated to him, "Go ahead and tell what happened out there." The witness answered: "Then the next line-up, Mrs. Mabel Lambertos came down to the police station and picked out Ronald Lynn Anderson out of the line-up and positively identified him as the person who had cut her screen on the bathroom window." Counsel for the defendant objected to the testimony given by the witness and at the same time moved for a mistrial on the ground that his testimony related to a separate and distinct offense which the accused had not been charged with and which had no sex relation. The court sustained the objection which defense counsel made to the testimony given by the witness and ruled it out of evidence but refused to grant a mistrial. Having excluded the testimony given by the witness, we think the court properly overruled the motion for mistrial.

5. For reasons stated in the preceding divisions of this opinion, no reversible error is shown by any of the enumerated errors.

*Judgment affirmed. All the Justices concur.*

Argued September 15, 1966—Decided September 22, 1966— Rehearing denied October 6, 1966.

*James A. Able, Jr.,* for appellant.

*Lewis R. Slaton,* Solicitor General, *J. Walter LeCraw, Jess H. Watson, Amber W. Anderson, Arthur K. Bolton,* Attorney General, *G. Ernest Tidwell,* Executive Assistant Attorney General, *Charles B. Merrill, Jr.,* for appellee.