23992. GUNTER v. THE STATE.

ARGUED MARCH 14, 1967—DECIDED MARCH 23, 1967—
REHEARING DENIED APRIL 20, 1967.

*Wendell Helton,* for appellant.

*Lewis R. Slaton, Solicitor General, J. Walter LeCraw, J. Roger Thompson, Amber W. Anderson, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Assistant Attorney General, Alexander Cocalis, Deputy Assistant Attorney General,* for appellee.

MOBLEY, Justice. Appellant was indicted, tried, and convicted of rape without recommendation and was sentenced to death. From that verdict and judgment he filed a motion for new trial on the general grounds and a number of special grounds which the trial court overruled. He enumerates 26 errors, which include the grounds of his motion for new trial as amended.

1. The general grounds of the motion for new trial are without merit. In addition to the evidence amply supporting the verdict of guilty, the defendant in his unsworn statement admitted that he committed the act of rape charged in the indictment, as well as others.

2. Exclusion under *Code* § 59-806 (4) of persons conscientiously opposed to capital punishment in the trial of a capital case is not a denial of rights of the accused under the 6th or 14th Amendment to the United States Constitution. See *Abrams v. State,* 223 Ga. 216; *Massey v. State,* 222 Ga. 143, 151 (149 SE2d 118); *Cherry v. State,* 220 Ga. 695, 698 (141 SE2d 412); *Mickens v. State,* 149 Ga. 185 (99 SE 779). This is the uniform rule in this country. See 50 CJS 999, Juries, § 245 and 48 ALR2d 560-604 and cases cited. See also Logan v. U. S., 144 U. S. 263, 298 (12 SC 617, 36 LE 429), where the court, in dealing with the question of whether jurors who do not believe in the death penalty are qualified in capital felony cases, stated: "A juror who has conscientious scruples on any subject, which prevent him from standing indifferent between

the government and the accused, and from trying the case according to the law and the evidence is not an impartial juror."

3. Enumeration of error No. 8 complains that the solicitor general propounded to one of the victims of rape by the appellant, the question: "After he finished this dastardly deed what did you do and what did he do?" and that the court denied the defendant's motion for mistrial. The solicitor general immediately withdrew the reference to the "dastardly deed," and the court rebuked him and cautioned the jury to exclude the remarks from their minds entirely. Defense counsel did not thereafter renew his motion for mistrial. Thus, this ground is without merit. *Cherry v. State,* 220 Ga. 695 (5), supra.

4. Enumerations of error Nos. 2, 4, 6, 9, 10, and 12 complain of the admission of evidence as to other sexual assaults made by the defendant upon two women and two children. The evidence shows that the defendant committed these sexual assaults by a common method in the same general geographic neighborhood within 2½ months after the offense for which he was on trial. The evidence was "admissible on his trial for the purpose of identifying him as the guilty party and for the purpose of showing motive, plan, scheme, bent of mind, and course of conduct." *Anderson v. State,* 222 Ga. 561 (3) (150 SE2d 638) and cases cited. See also *Allen v. State,* 201 Ga. 391 (40 SE2d 144), where the facts are very similar to those here. In each case there was evidence that the defendant had committed sexual assault in the general area by employing a knife as a means to intimidate and frighten the victims into submission. See also *Dorsey v. State,* 204 Ga. 345 (2) (49 SE2d 886) and *Mosley v. State,* 211 Ga. 611 (2) (87 SE2d 314).

5. Enumerations of error Nos. 5 and 11 are without merit. Number 5 complains of the admission of evidence of one of the victims of rape that she had also been raped by the defendant, because she was not able to identify him. However, there was evidence that like palm prints of the defendant were found on her window shortly after the offense was committed, which is evidence that he was the guilty party in her case.

Number 11 complains of the admission of testimony of a witness, a brother-in-law of another of the victims of rape, that

shoes shown him were similar to those he saw on the man running out of their house and through the yard just after the sexual assault upon her and that the mud on them was similar to that in their yard. This evidence was admissible to show identification of the defendant. If relevancy or competency of evidence is doubtful, it should be admitted and its weight left to the determination of the jury. *Lovejoy v. Tidwell,* 212 Ga. 750, 751 (95 SE2d 784) and cases cited.

6. Enumeration of error No. 7 complaining that the court erred in admitting evidence of the assault upon another woman than the one named in the indictment, because the State did not prove venue in that case, is without merit. This was not necessary, as the State was only required to prove venue in the case on trial.

7. Enumeration of error No. 8. The court did not err in refusing to grant defendant's motion for mistrial for remarks made by the solicitor general while defense counsel was questioning a witness as to the identity of a detective to whom she had talked. She said she did not know his name but she had seen him outside the courtroom. Defense counsel asked the sheriff to bring three detectives into the courtroom, whereupon the solicitor asked counsel which detectives he wanted, saying: "Detectives Cameron, Eskew, which ones?" The witness had already said she could not identify the detective by name; therefore the solicitor's remarks could not have aided the witness or prejudiced the defendant's case.

8. Enumeration of error No. 13. The admission in evidence of palm prints of the defendant, taken without objection shortly after he was taken in custody for comparison with palm prints found at the scene of the crime was not in violation of any of his constitutional rights. The evidence was that he made no objection to the taking of the prints. The provision of the Constitution, *Code Ann.* § 2-106, provides that no one shall be compelled to give evidence tending to criminate himself, and where as here, the defendant voluntarily submitted himself to fingerprinting, there has been no violation of this constitutional provision. *Whippler v. State,* 218 Ga. 198 (6) (126 SE2d 744); *Thomas v. State,* 213 Ga. 237 (2) (98 SE2d 548); *Foster v.*

*State,* 213 Ga. 601, 604 (3) (100 SE2d 426). See Schmerber v. California, 384 U. S. 757 (86 SC 1826, 16 LE2d 908).

9. There are no Enumerations of error Nos. 14 and 15.

10. Enumeration of error No. 16. The defendant complains of the failure of the court to appoint a psychiatrist to examine this indigent defendant. The court did appoint a qualified psychologist who did examine him and testified that he was mentally competent. There was no plea of insanity and no showing of the need of a psychiatrist. No authority requiring such is shown. The ground is without merit.

11. Enumerations of error Nos. 17, 20, 21, 22, 23, 24, 25, and 26 complain either of the giving or of the failure of the court to give instructions to the jury. Sec. 17 (a) of the Appellate Practice Act of 1965, as amended (Ga. L. 1966, pp. 493, 498) provides that a party may not "complain of the giving or failure to give an instruction to the jury, unless he objects thereto before the jury returns its verdict" and Sec. (c) provides that notwithstanding the provision of Sec. (a), "the appellate courts shall consider and review erroneous charges where there has been a substantial error in the charge which was harmful as a matter of law; regardless of whether objection was made hereunder or not." We have carefully reviewed the charges complained of and find no error of law was committed in giving them. These grounds are without merit.

12. Enumeration of error No. 18 complaining of the admission in evidence of the warrant under which defendant was arrested raises no question for consideration as there was no objection to its admission.

13. Enumeration of error No. 19 complains that defendant was denied his constitutional rights in that at the time of his arrest he was not advised that he had a right to an attorney at that time, that he should not make any remarks without his attorney being present at the time, and that if he did not have the money to employ one they would take him before a magistrate and have one appointed. The officers who arrested him testified that while traveling from the place of arrest to the police station they advised him that he did not have to make any statement, that any statement he did make could be used

against him and that he was entitled to an attorney; and further, that after arrival at the jail and later in the evening he was again advised of those rights, and while interrogating him an attorney, whom his grandmother had employed, came in and conferred with him and told him to go ahead and make a statement if he wanted to. After he was told he had been identified in a line-up and while his wife was present, he admitted to the officers that he had committed the sexual act on the victim and on others. While we are of the opinion that the requirements of Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) were met, that case applies only to trials commenced on or after June 14, 1966. Johnson v. New Jersey, 384 U. S. 719 (86 SC 1772, 16 LE2d 882). This ground is without merit.

*Judgment affirmed. All the Justices concur.*