## 24905. MATHIS v. THE STATE.

FRANKUM, Justice. This is a rape case. The appellant contends that his conviction was not authorized by the evidence in that the testimony of the prosecuting witness shows that the intercourse was with her consent and that his confession, which was introduced in evidence over his objection, was inadmissible because the corpus delicti was not proved. The evidence showed that the victim and her companion, both young women in their early twenties, were guests at a motel in Hapeville, Georgia, on the night of February 2nd and morning of February 3rd, 1968; that at about 3:30 a.m. they were awakened by two strange men in their room, one of whom exhibited a knife; that both men threatened the women with bodily harm if they did not do their bidding, and both indicated their desire to have intercourse with the women; that each accomplished his purpose by compelling the victim to go into the bathroom and lie on the floor where the intercourse with the victim took place while the other of the two men held the knife on the victim's companion, and while both continually threatened the victim and her companion with serious bodily harm or death if they made any outcry or resisted them in the accomplishment of their purpose. The defendant was one of the men, but he contended upon the trial that the intercourse, which he admitted took place, was with the consent of the alleged victim. While it is true, that the victim testified that she reluctantly "consented" to the intercourse at the time, it is abundantly clear from the evidence that such consent was procured by the threats of the defendant and his accomplice and the fear of bodily harm or death instilled in the prosecutrix by those threats. Thus, the facts of this case bring it squarely within the principles announced in such cases as *Vanderford v. State*, 126 Ga. 753 (5), 759 (55 SE 1025); *Rider v. State*, 196 Ga. 767 (6) (27 SE2d 667), and in *Johnson v. State*, 215 Ga. 448 (4) (111 SE2d 45), where it was held: "Consent to sexual intercourse

obtained through a present and immediate fear of serious bodily injury to the female involved is the equivalent of no consent at all, and an act of intercourse consummated under such circumstances cannot be said to have been committed with the consent of the female." Many other authorities to the same effect could be cited, but the principle announced is so well established that reiteration of authorities would hardly seem to be necessary. The evidence, aside from the confession, amply proved the commission of the crime charged, and the verdict of guilty was clearly authorized.

*Judgment affirmed. All the Justices concur.*

SUBMITTED OCTOBER 15, 1968—DECIDED NOVEMBER 21, 1968— REHEARING DENIED DECEMBER 5, 1968.

*Garland & Garland, Reuben A. Garland,* for appellant.

*Lewis R. Slaton, Solicitor General, Carter Goode, Tony H. Hight, J. Walter LeCraw, Arthur K. Bolton, Attorney General, Marion O. Gordon, Assistant Attorney General, Courtney Wilder Stanton,* for appellee.