## 26594. KATZENSKY v. THE STATE.

UNDERCOFLER, Justice. Ray Donald Katzensky was convicted of the offense of armed robbery by use of an offensive weapon in DeKalb County, Georgia, and was sentenced to twenty years in the penitentiary. His motion for new trial was denied and he appeals to this court. *Held:*

1. The appellant contends that the trial court erred in failing to grant his motion for a mistrial based on the opening statement of the assistant district attorney to the jury in which he related that the defendant had assaulted an officer with an automobile. The appellant contends that this statement placed his character in issue by injecting into the case the commission of a crime other than that for which he was on trial and that the statement was not substantiated by evidence introduced dur-

ing the trial and thereby deprived the defendant of a fair trial.

The record shows that the initial escape of the defendant from the scene of the robbery was thwarted by the police officers' action in blocking the road with their automobile; that the automobile in which the defendant was riding attempted to swerve and go around that police car, but was unsuccessful and they collided; that the defendant's automobile drove beyond the police car after the collision, spun around, came to a complete stop, and finally started back toward the officers and their automobile; that the officers fired at the approaching automobile; that the officers removed themselves from behind their car and scattered because they thought the defendant's automobile was going to hit them; that the approaching automobile went around to the right of the police car, went down an access road, and eventually wrecked; and that the appellant was then captured.

"One of the exceptions to the rule that on prosecution for a particular crime evidence which tends to show that the defendant committed another crime wholly independent from that for which he is on trial is irrelevant and inadmissible, is where the other crime is a part of the res gestae. See *Floyd v. State,* 143 Ga. 286 (2) (84 SE 971); *Hill v. State,* 161 Ga. 188 (2) (129 SE 647); *Wilson v. State,* 173 Ga. 275 (2) (160 SE 319); *Thornton v. State,* 209 Ga. 51 (2) (70 SE2d 733)." *Williams v. State,* 223 Ga. 773, 774 (158 SE2d 373).

There is no merit in the contentions of the appellant.

2. The appellant contends that the trial court erred in admitting into evidence the alleged confession and evidence of a line-up because the State had failed to prove that the defendant had been properly instructed as to his constitutional rights as a prerequisite to the introduction of such evidence.

The evidence shows that the appellant was fully advised of his constitutional rights as required by Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694, 10 ALR3d

974). However, the appellant contends that the police officers should have gone further and advised him that "if during the course of an interrogation he wishes the presence of an attorney, he may cease the questioning and will not be required to answer further questions until his attorney is present." On page 473 of the Miranda decision, the court said: "Once warnings have been given, the subsequent procedure is clear. If the individual indicates in any manner, at any time prior to or during the questioning, that he wishes to remain silent, the interrogation must cease. At this point he has shown that he intends to exercise his Fifth Amendment privilege; any statement taken after the person invokes his privilege cannot be other than the product of compulsion, subtle or otherwise. Without the right to cut off questioning, the setting of in-custody interrogation operates on the individual to overcome free choice in producing a statement after the privilege has been once invoked. If the individual states that he wants an attorney, the interrogation must cease until an attorney is present. At that time, the individual must have an opportunity to confer with the attorney and to have him present during any subsequent questioning. If the individual cannot obtain an attorney and indicates that he wants one before speaking to the police, they must respect his decision to remain silent."

This quotation is clear. The individual has the right to cease talking to the officers and to request the presence of an attorney at any time during the interrogation. However, Miranda does not require the officers to advise the individual that he may withdraw the waiver of his constitutional rights at any time during the interrogation.

There is nothing in this record which indicates that the appellant in any way desired the presence of counsel at any time during the interrogation or the line-up. The record shows that the appellant knowingly and intelligently waived his right to counsel before the interrogation and before the line-up.

It follows that enumerations of error numbers 2 and 3 are without merit.

3. The appellant contends that the trial court erred in admitting into evidence two knives when no chain of possession or positive identification was made that they were related to the alleged crime.

The victim testified that the weapons were similar to the ones used during the crime; the officers testified that the two knives were the ones lying on the front seat of the automobile of the appellant and which were recovered by them.

In *Lively v. State,* 178 Ga. 693, 695 (173 SE 836) this court said: "It appears without dispute that the crime was committed with a razor, and it would make no material difference whether or not the weapon it sought to identify was the particular razor with which the homicide was committed. The identification was sufficient to authorize the jury to decide, under the evidence relative to identification, whether or not it was the identical weapon used by the defendant." See *Dill v. State,* 106 Ga. 683 (3) (32 SE 660); *King v. State,* 166 Ga. 10 (7, 8) (142 SE 160); *Laminack v. State,* 187 Ga. 648, 650 (2 SE2d 99).

There is no merit in this contention of the appellant.

*Judgment affirmed. All the Justices concur.*
SUBMITTED JULY 12, 1971—DECIDED SEPTEMBER 8, 1971.

*Edward Lang,* for appellant.

*Richard Bell, District Attorney, Dennis F. Jones, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, Assistant Attorney General, David L. G. King, Jr.,* for appellee.