26904. McNEAL v. THE STATE.

ARGUED JANUARY 10, 1972—DECIDED FEBRUARY 11, 1972.

*S. Richard Ruben,* for appellant.

*Lewis R. Slaton, District Attorney, Joel M. Feldman, Carter Goode, Creighton W. Sossomon, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, William F. Bartee, Jr., Assistant Attorneys General,* for appellee.

MOBLEY, Presiding Justice. This appellant, Luther D. McNeal, was indicted, tried, and convicted of rape, and sentenced to 20 years in the penitentiary. From this verdict and sentence he appeals, and enumerates seven grounds of error.

■ The first error enumerated is the denial of his motion for new trial and amended motion, as set out in the subsequent enumeration of errors.

■ Enumerated error 2 alleges that the evidence was insufficient to support the verdict. The appellant contends that the State did not prove beyond a reasonable doubt the force and lack of consent which are essential elements of the crime of rape.

This contention is wholly without merit. There is evidence that: The prosecutrix, a young married lady, was waiting at a bus stop. The appellant came up, stood a few minutes, then approached her from behind, drew a pistol on her, marched her deep into the woods behind the bus stop, and had sexual relations with her against her will and in fear that he would shoot her if she resisted. He asked her if she knew the way back to the street, and when she said she did not, he escorted her to a place in sight of the bus stop and then disappeared in the woods. She went home, bathed, took a douche, called her husband, who came immediately, and he called the police. She described her assailant. Later the detective working on the case showed her several pictures. She identified the appellant as her assailant, and later picked him out in a line-up. The officer in charge of the appellant stated that the appellant on his way to the line-up said to him, "She's going to pick me

out." The officer testified that after all had left the line-up, leaving only the appellant and him, the officer said, "Luther, is she right or wrong?" and he said, "She's right."

There is no evidence that the victim voluntarily consented to sexual intercourse. She testified that the appellant held a pistol on her, threatened to kill her, struck her several times, pushed her back, and forcibly had sexual relations with her. The appellant in his sworn testimony denied that he had raped the prosecutrix, and denied that he had admitted to the officer that he raped her.

"Force is an element of the crime of rape, but it may be exerted not only by physical violence but also by threats of serious bodily harm which overpower the female and cause her to yield against her will. *Vanderford v. State,* 126 Ga. 753 (5) (55 SE 1025)." *Byrd v. State,* 187 Ga. 328, 337 (200 SE 671). See also *Melton v. State,* 184 Ga. 343 (3) (191 SE 91); *Rider v. State,* 195 Ga. 656 (2) (25 SE2d 304).

The evidence strongly supported the verdict.

■ Enumerated error 3 alleges that the court erred "in limiting the right of appellant's counsel to individually examine each juror as to any matter or thing which would illustrate any interest of the juror in the case."

In examining the jurors the attorney for the appellant asked one juror, "If you were asked right now to return a verdict without hearing any evidence from either side, what would your verdict be?" The court sustained an objection to the question, holding that it called for a conclusion and was not proper.

*Code Ann.* § 59-705 (Ga. L. 1951, pp. 214, 215) provides that in all criminal cases the State and the defendant each have the right to an individual examination of each juror from which the jury is to be selected and ". . . in such examination the counsel for either party shall have the right to inquire of the individual jurors examined touching any matter or thing which would illustrate any interest of the juror in the cause."

In *Hill v. State,* 221 Ga. 65, 68 (142 SE2d 909), this court held that the trial court has a discretion to limit the exami-

nation under *Code Ann.* § 59-705 to questions dealing directly with the specific case and to prohibit general questions. See *Curtis v. State,* 224 Ga. 870, 871 (165 SE2d 150).

The question asked this juror did not concern any matter which would illustrate any interest of the juror in the cause, as provided by *Code Ann.* § 59-705. In examining a prospective juror, counsel for the accused should not ask technical legal questions in regard to the presumption of innocence, but should confine his questions to those which may illustrate any prejudice of the juror against the accused, or any interest of the juror in the cause. The question was not a proper one, and the judge did not abuse his discretion in sustaining the objection to it.

■ Enumerated error 4 alleges that the court erred in permitting the State's witness Detective Perkins to remain in the courtroom during the proceedings, after the rule of sequestration had been invoked by the appellant, and in refusing to direct that he be called as the State's first witness.

The State's attorney stated that it was necessary for the proper presentation of the evidence that Detective Perkins, who investigated the case, remain in the courtroom and assist in the case.

This court in *Fountain v. State,* 228 Ga. 306 (3) (185 SE2d 62), held that: "The court did not err . . . in granting the district attorney's request, after invoking the rule of sequestration, that G. B. I. Agent Stone, who had investigated the case . . . be permitted to remain in the courtroom to assist in the prosecution of the case and to testify after other witnesses for the State had been examined in their presence. This was a matter for the trial judge's sound discretion, which is not shown to have been abused. *Spurlin v. State,* 222 Ga. 179 (2) (149 SE2d 315) and cit." See also *Pippins v. State,* 224 Ga. 462 (2) (162 SE2d 338).

This enumerated error is without merit.

■ Enumerated error 5 alleges error in permitting the testimony of a young lady, over objection, relating to a similar offense committed on her by this appellant.

The testimony of this witness and the evidence adduced in the present trial show similarity in the two rapes. Both witnesses were approached early in the morning in the same general vicinity; both were waiting for a bus; both were grabbed around the throat; both were forced and pulled into the woods and forced to the ground and raped; and in both cases he asked them if they knew their way back, and when they said they did not, he escorted them in sight of the street and then disappeared in the woods.

The evidence was "admissible on his trial for the purpose of identifying him as the guilty party and for the purpose of showing motive, plan, scheme, bent of mind, and course of conduct." *Anderson v. State,* 222 Ga. 561 (3) (150 SE2d 638); *Gunter v. State,* 223 Ga. 290 (4) (154 SE2d 608).

The relevancy between the two rapes would not be eradicated by the passage of two years and ten months between the two attacks. See *Taylor v. State,* 174 Ga. 52, 63 (162 SE 504); *Fuller v. State,* 197 Ga. 714 (1) (30 SE2d 608); *Biegun v. State,* 206 Ga. 618 (1) (58 SE2d 149); *Lyles v. State,* 215 Ga. 229 (2) (109 SE2d 785).

This enumerated error is without merit.

■ Enumerated error 6 alleges error in the admission of the testimony of the witness referred to in the previous division clearly unrelated to the limited purpose for which the testimony had been admitted. The testimony complained of, as stated in the appellant's brief, is: "The witness testified in response to questions as to whether or not she had reported this incident to the police and whether or not she had testified in juvenile court against the accused." Admission of this evidence, if improper, was harmless.

■ Enumerated error 7 alleges that the court erred in admitting testimony of Detective Perkins, over objection, relating to a conversation Perkins had with the prosecutrix outside of the presence of the appellant.

Detective Perkins, while on rebuttal, was asked for the first time whether he recalled the prosecutrix "mentioning anything with regard to shoes," to which counsel for the appellant objected on the ground that it was hearsay. The

court permitted Detective Perkins to answer without going into the context of the conversation. Detective Perkins was then asked whether it "was in regard to one or more than one pair of shoes." Perkins replied: "Two pair." Appellant's counsel objected on the ground that it was hearsay evidence, and the objection was overruled.

The questions sought only to verify that there was a conversation, but not the content thereof. It did not involve hearsay, and it was not error to admit the testimony. *Lingo v. State,* 226 Ga. 496 (2) (175 SE2d 657).

*Judgment affirmed. All the Justices concur.*