## 27744. LARKINS v. THE STATE.

HAWES, Justice. James Washington Larkins was convicted of rape and sentenced to life imprisonment. He appeals, enumerating 13 grounds of alleged error.

1. In ground 1 appellant contends that the court erred in allowing a witness for the state to testify after he had remained in the courtroom in violation of the rule of sequestration of witnesses which had been invoked by the defendant. Defendant's objection to this witness taking the stand at the time he was offered was overruled. Matters such as this are addressed to the sound discretion of the trial judge, and unless an abuse of that discretion is clearly shown the decision of the judge will not require a reversal of the case. *Pippins v. State,* 224 Ga. 462, 463 (162 SE2d 338); *Fountain v. State,* 228 Ga. 306 (3) (185 SE2d 62); *McNeal v. State,* 228 Ga. 633, 636 (187 SE2d 271). In the instant case, the witness in question was listed on the indictment as one of the witnesses for the State. It is not contended by the

appellant that he covertly remained in the courtroom without accused's or counsel's knowledge. It will, therefore, be presumed that they knew from the time of the commencement of the trial that the witness was in the courtroom, and, since he was listed on the indictment as one of the witnesses, the trial judge was authorized to conclude that the accused had no objection to the witness's presence in the courtroom in violation of the rule of sequestration or that he waived any objection he may have had. Under these circumstances, it clearly was not an abuse of the trial judge's discretion in permitting the witness to testify over the objection of the accused which was not lodged until the witness was called to testify. Nothing in the case of *McGruder v. State,* 213 Ga. 259 (9) (98 SE2d 564) requires a different result from that which we here reach.

2. In the second ground of enumerated error, appellant contends that the trial court erred in admitting over objection the testimony of a witness as to an alleged rape upon the witness by the defendant which occurred some seven months prior to the occurrence for which the accused was on trial. The accused had not been prosecuted for that act, the witness giving as her reason for failing to take out a warrant for the accused that she was afraid of him. Her testimony unequivocally identified the accused as the perpetrator of the rape on her, and showed that it occurred at the home of the witness which was in the neighborhood where both the accused and the victim of the crime here involved lived. One point of similarity between the two crimes was shown by the evidence. This point of similarity was that the victim in each case was approached from the rear and overpowered by the attacker, choking the victim with his hands. Otherwise, the two crimes were wholly unconnected. In the case on trial, the identity of the accused as the

attacker was not in issue since the only defense which the accused injected by his unsworn statement was merely that he had sexual intercourse with the prosecuting witness by her consent.

"The general rule is, that, on a prosecution for a particular crime, evidence which in any manner shows or tends to show that the accused has committed another crime wholly independent from that for which he is on trial, even though it be a crime of the same sort, is irrelevant and inadmissible; but, to this rule there are several exceptions. Among them is the admissibility of evidence showing or tending to show the commission of crimes other than that for which the accused is on trial, for the purpose of showing motive, plan, or scheme. *Frank v. State,* 141 Ga. 243 (80 SE 1016)." *Williams v. State,* 152 Ga. 498, 521 (110 SE 286). The exceptions to the foregoing general rule all rest on the proposition that there must be "some logical connection between the two [crimes], from which it can be said that proof of the one tends to establish the other." *Cawthon v. State,* 119 Ga. 395, 408 (46 SE 897). In the latter case, it was said (p. 409): "In order to justify the admission of evidence relating to an independent crime committed by the accused, it is absolutely essential that there should be evidence establishing the fact that the independent crime was committed by the accused, and satisfactorily con- necting that crime with the offense for which the accused is indicted. Even if the evidence establishes the commission by the accused of the independent offense, it is inadmissible until it be shown satisfactorily that that crime had some connection with the transaction then under investigation." If the relevancy of the evidence relating to other crimes offered is so doubtful that the connection between them and the crime for which the accused is on trial cannot be clearly perceived, the trial court should give the benefit of the

doubt to the accused instead of allowing the minds of the jurors to be prejudiced by an independent fact carrying with it no proper evidence of the particular guilt. *Cawthon v. State,* 119 Ga. 410, supra. While this court has recently recognized the existence of an exception to the general rule in rape cases (see *Anderson v. State,* 222 Ga. 561 (3) (150 SE2d 638), and *McNeal v. State,* 228 Ga. 633, 636, supra, and cits.), this exception and the principle enunciated in those cases should never be applied where the connection between the two rapes is not clear and where some logical connection between the two from which it can be said that proof of the one tends to establish the other is not shown. *Moose v. State,* 145 Ga. 361 (2) (89 SE 335); *Cox v. State,* 165 Ga. 145 (2) (139 SE 861).

The evidence in this case did not relate, as did the evidence in *Frank v. State,* 141 Ga. 243, 255 (80 SE 1016), to conduct and language of the accused closely connected to the crime for which he was on trial. It, therefore, formed no part of the res gestae. Neither was it a part of a system of mutually dependent crimes; nor did it constitute evidence of guilty knowledge or, as we have already said, bear upon the question of the identity of the accused or of articles connected with the offense. It was not evidence of a prior attempt by the accused to commit the same offense upon the victim of the crime for which he stood charged. This evidence was not admissible to prove malice, intent, motive or the like since in the crime of rape if such elements are present they are inherently so. Evidence of other crimes to prove malice, intent and motive is admissible only where the act of which the accused stands charged would be legal in the absence of those elements. The only real issue which the jury had to decide after the accused admitted the act of sexual intercourse was whether it was with or without the consent of the prosecutrix. In either event, malice, intent and motive

were not relevant. See *Farmer v. State,* 100 Ga. 41 (28 SE 26); *Cawthon v. State,* 119 Ga. 410, supra. The admission of the evidence of previous rape was harmful error to the accused and because of its illegal admission over his timely objection, conviction and sentence must be reversed.

3. The third ground of enumerated error complains because the trial court admitted over the objection of the defendant testimony of another witness for the State similar to that dealt with in the preceding headnote. However, the transcript showed that the trial court at the conclusion of the State's case ruled out the testimony to which this ground relates, and carefully instructed the jury that it should not consider the same. This was equivalent to ruling it out in the first instance, and, in the absence of some other motion by counsel for the accused invoking a more drastic remedy, was sufficient. See *Humphrey v. Smith,* 142 Ga. 291 (4a) (82 SE 885). This evidence was clearly illegal under the ruling made in the preceding headnote. However, in view of that ruling the action of the trial court as complained of in this ground, if it constituted error, relates to a matter not likely to recur on another trial and will not be cause for a reversal.

4. The fourth ground of enumerated error contends that the court erred in admitting in evidence a shoelace as State's exhibit No. 4 over the objection of the accused. The prosecutrix testified that the accused, after committing the assault upon her, bound her wrists with a shoelace which he removed from one of his shoes, and that he thereafter burned the shoelace in two with matches in order to release her. The assault occurred in a wooded area to which the prosecutrix led investigating police officers the following day. The piece of shoelace in question, showing evidence that it had been burned, was found at the scene. This real evidence was sufficiently shown to be connected to the

commission of the crime by other evidence and was properly admitted. See *Cummings v. State,* 226 Ga. 46, 49 (172 SE2d 395), and *Katzensky v. State,* 228 Ga. 6 (3) (183 SE2d 749). This ground of enumerated error shows no cause for reversal.

5. Ground 5 assigns error on a portion of the charge which instructed the jury as to the purpose for which the court had admitted evidence of other crimes. The charge appears to be abstractly correct, but since we have ruled in headnote 2 above that the evidence on which this charge was based was improperly admitted, this, therefore, relates to a matter not likely to recur on another trial and, even if error, will not be cause for a reversal.

6. Grounds 6, 7, 8 and 9 complain of the refusal of the court to charge on the subject of consent in the language embodied in 4 requests to charge by the appellant. Without unnecessarily burdening this opinion by quoting the charges which appellant contends should have been given, it is sufficient to say that to have given them would have substantially negated the principle announced by this court in such cases as *Mathis v. State,* 224 Ga. 816 (165 SE2d 140) to the effect that "consent to sexual intercourse obtained through a present and immediate fear of serious bodily injury to the female involved is the equivalent of no consent at all, and an act of intercourse consummated under such circumstances cannot be said to have been committed with the consent of the female." Citing *Johnson v. State,* 215 Ga. 448 (4) (111 SE2d 45). These exceptions are without merit.

7. We have carefully examined the remaining grounds of enumerated error and find no merit in any of them. Since the case is to be tried again, it is sufficient to say, in response to the appellant's contention that the evidence did not authorize the verdict of "guilty," that the evidence did not demand a verdict of acquittal.

*Judgment reversed. All the Justices concur, except Nichols, J., who dissents.*

SUBMITTED FEBRUARY 12, 1973 — DECIDED APRIL 13, 1973.

*Short & Fowler, Larkin M. Fowler, Jr.,* for appellant. *William O. Hitchcock, District Attorney, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, Thomas W. Greene, Assistant Attorneys General,* for appellee.

NICHOLS, Justice, dissenting. Much emphasis is placed upon the fact that the defendant admitted having intercourse with the prosecutrix, and that identity was not in issue, and that the issue was whether the prosecutrix was raped or consented to such intercourse.

In *McNeal v. State,* 228 Ga. 633, 637 (187 SE2d 271), it was held: "The evidence was 'admissible on his trial for the purpose of identifying him as the guilty party and for the purpose of showing motive, plan, scheme, bent of mind, and course of conduct.' *Anderson v. State,* 222 Ga. 561 (3) (150 SE2d 638); *Gunter v. State,* 223 Ga. 290 (4) (154 SE2d 608).

"The relevancy between the two rapes would not be eradicated by the passage of two years and ten months between the two attacks. See *Taylor v. State,* 174 Ga. 52, 63 (162 SE 504); *Fuller v. State,* 197 Ga. 714 (1) (30 SE2d 608); *Biegun v. State,* 206 Ga. 618 (1) (58 SE2d 149); *Lyles v. State,* 215 Ga. 229 (2) (109 SE2d 785)."

The language quoted makes the evidence admissible for more than identification. It makes it admissible to show "plan," "scheme," "bent of mind" and "course of conduct."

Evidence of other crimes is admissible in only very limited circumstances, and properly so for the defendant is on trial for the offense charged and no other. Evidence of other crimes having been committed is always harmful

to a defendant, and it would always be helpful to a defendant to find a method of excluding it. The majority opinion points the way.

By admitting the factum of intercourse the defendant may thus eliminate the elements of "plan," "scheme," "bent of mind" and "course of conduct," and make the issue solely a matter of his word versus that of the prosecutrix as to whether the intercourse was rape or with consent.

The majority opinion holds that the "only" point of similarity in the two crimes was that the victim was approached from the rear and overpowered by the attacker by choking the victim with his hands. The attacker in each case, the defendant, attacked a person who knew him, did not seek to hide his identity, but apparently relied upon the victim's fear of him to prevent prosecution.

I believe the evidence was admissible and that the conviction should be affirmed.