## 29097. HUNT v. THE STATE.

SUBMITTED AUGUST 23, 1974 — DECIDED DECEMBER 3, 1974.

*Drew, Hendrix & Shea, Lionel E. Drew,* for appellant.
*Andrew J. Ryan, Jr., District Attorney, William H. McAbee, II, Assistant District Attorney, Arthur K. Bolton, Attorney General, John W. Dunsmore, Jr., Deputy Assistant Attorney General,* for appellee.

PER CURIAM.

Jerry Paul Hunt was convicted in the Superior Court of Chatham County for the offenses of rape and aggravated sodomy. He was sentenced to serve five years and one day on each charge, the sentences to run concurrently. He appeals from his convictions and sentence, and from the denial of his motion for new trial.

The errors enumerated present only one question, whether it was error to permit a witness to testify, over objection, in regard to an offense of a similar nature committed upon the witness by the appellant.

The evidence in this case showed, without dispute, that at about ten o'clock on the evening prior to the alleged crimes, the prosecutrix went to a cocktail lounge where a friend was a bartender, to inquire about obtaining employment; that while she was there she became engaged in a conversation with the appellant, whom she had not previously known; that they had some drinks together; and that at about twelve o'clock they went out to dinner together.

The prosecutrix testified that the appellant asked her to go to dinner with him; that they had their dinner in his car; that he told her that he wanted to show her where he spent the happiest years of his life; that she protested that she wanted to go back to the lounge, but he proceeded to go out to Bethesda Boys' Home; that, after he had circled through the grounds he went to a place near there

and parked; that he demanded that she take her clothes off, and when she objected, he ripped her underclothes from her; and that he then forced her to commit sodomy with him, and afterwards raped her numerous times.

The appellant gave an entirely different account of the events. He testified that the prosecutrix asked him to buy her a drink at the lounge, and he brought her three drinks; that she later asked him to take her somewhere to get something to eat; that while they were eating in the car she suggested that they go to her place for sexual purposes; that he did not want to go to her home and instead drove to a place and parked; that the prosecutrix voluntarily engaged in a sexual connection per os with him, but became angry with him when he refused to perform a sexual connection per linguam in vagina with her, and asked him to take her home; and that he did not have any further sexual intercourse with her.

The witness who was allowed, over objection, to testify in regard to a separate crime committed by the appellant, stated that she worked as a waitress; that she became acquainted with the appellant as a customer in the restaurant where she worked; that about two months prior to the time of the alleged crimes with which the appellant was charged in the case on trial, she went to a lounge with him; that she had told him that she needed to be in early, and they left the lounge about eleven o'clock; that he told her that he wanted to show her where he lived with his grandmother, and he drove there; that he then said that he wanted to show her where he was raised, and he drove to Bethesda Boys' Home; that he drove around on the grounds, pointing out buildings to her; that he pulled up beside one of the dormitories, stopped his car, and told her that was where he had lived; that he started trying to kiss her, and she told him that she wanted to go home; that his behavior suddenly changed, and he forced her to have sexual intercourse and a sexual connection per os with him.

It is, of course, the general rule that when a person is charged with a crime, proof of a distinct, independent, and separate offense is not admissible on the trial, even though it is a similar crime. There are exceptions to this rule, and these exceptions have been rather liberally

extended in cases of sexual crimes.

The appellant relies on *Larkins v. State,* 230 Ga. 418 (2) (197 SE2d 367) (in which one Justice dissented), as authority for his contention that the court erred in permitting the witness in the present case to testify in regard to separate crimes committed on her by the appellant.

The majority of this court is of the opinion that the *Larkins* case did not follow the established law of Georgia in holding that where identification of the perpetrator of an alleged rape is not involved, evidence of the commission of a similar crime can never be admitted to prove malice, intent, motive or the like. See *Barkley v. State,* 190 Ga. 641 (2) (10 SE2d 32); *Anderson v. State,* 222 Ga. 561 (3) (150 SE2d 638); *Gunter v. State,* 223 Ga. 290, 291 (154 SE2d 608).

In the present case there were numerous similarities between the crimes with which the appellant was charged and the crimes that the witness testified that the appellant committed on her. Such evidence would show the intent, motive, plan, scheme, and bent of mind of the appellant, and was relevant on the issue of whether or not the prosecutrix consented to the sexual acts.

*Judgment affirmed. All the Justices concur, except Grice, C. J., Gunter and Jordan, JJ., who dissent.*

GRICE, Chief Justice, dissenting.

I respectfully dissent from the majority opinion. The evidence of another crime was not admissible for the purpose of identification, since the perpetrator of the alleged offense was known. It is my view that the similarities of the incidents did not relate to anything unusual about the crimes which would make the evidence of the separate crime admissible to show intent, motive, plan, scheme, and bent of mind of the appellant.

I am authorized to state that Justices Gunter and Jordan join in this dissent.