## 30890. RINI v. THE STATE.

UNDERCOFLER, Presiding Justice.

The defendant was convicted of the murder of Denny Ray Abna, a 16-year-old boy, and sentenced to life imprisonment. This is the second appearance of this case in this court. *Rini v. State,* 235 Ga. 60 (218 SE2d 811) (1975). *Held:*

1. The appellant contends that the trial court erred in permitting the state to read into evidence the transcript of testimony of Dudley, a 16-year-old boy, and Claridy from a previous trial under circumstances which deprived him of the right to a fair trial. He argues that since the February 10 statement of Dudley was not available to him in the first trial and this court held he was entitled to the statement for impeachment purposes, that he has the right to confront the witnesses on Dudley's February 10 statement. He also contends that the evidence showed a lack of due diligence on the part of the state in obtaining the presence of these witnesses.

(a) The state proved that these witnesses were inaccessible and that due diligence had been exercised to obtain their presence at the trial. The court was authorized to allow in evidence their previous testimony

because an opportunity for a thorough and sifting cross examination had been previously afforded appellant. Code § 38-314; *Smith v. State,* 147 Ga. 689 (1) (95 SE 281) (1918); *Burns v. State,* 191 Ga. 60 (7) (11 SE2d 350) (1940); *Park v. State,* 225 Ga. 618 (170 SE2d 687) (1969).

(b) On appeal of the first trial this court held that the defendant was entitled to the February 10 statement for impeachment purposes. On the second trial now under review the February 10 statement was available to the defendant, however, he elected not to offer it in evidence to impeach the witnesses' testimony. Therefore, we find no error. The fact that the defendant was not able to confront the witnesses with the statement was harmless beyond a reasonable doubt. Defense counsel thoroughly and in minute detail impeached many statements of both Dudley and Claridy at the previous trial and showed that each had made different statements, at different times to defense counsel and to the police. During the cross examination of Dudley, he admitted that he had made many previous inconsistent statements to defense counsel but he stated that they were made "before I told the police what happened." The February 10 statement of Dudley would also have been before Dudley "told the police what happened." Claridy was cross examined in detail at the previous trial on these inconsistent statements of Dudley. He was also thoroughly cross examined on his many statements and contradictions.

The confrontation of these witnesses with the February 10 statement would be merely cumulative of their admitted many conflicting and impeaching statements. Chapman v. California, 386 U. S. 18, 24 (87 SC 824, 17 LE2d 705) (1966); Harrington v. California, 395 U. S. 250 (89 SC 1726, 23 LE2d 284) (1968).

2. During the trial King, a 16-year-old boy, testified that about a month before the homicide, the appellant stated that he would beat the victim to death with a blackjack. He testified that at another time the appellant stated in the presence of Dudley that he was going to lure the victim to his apartment, chloroform him, take him to North Georgia, and dump him into the lake. The witness had previously heard the victim talk about the appellant and call him a "queer." The appellant contends that the

court erred in allowing the state to introduce evidence of his homosexuality, because it placed his character is issue.

In *Davis v. State,* 233 Ga. 638 (2) (212 SE2d 814) (1975) this court held that evidence which placed the appellant's character in issue was admissible to show intent, motive, plan, scheme and bent of mind. *Williams v. State,* 152 Ga. 498 (1) (110 SE 286) (1922); *Allen v. State,* 201 Ga. 391 (1) (40 SE2d 144) (1946); *Lyles v. State,* 215 Ga. 229 (2) (109 SE2d 785) (1960); *Anderson v. State,* 222 Ga. 561 (150 SE2d 638) (1960); *Gunter v. State,* 223 Ga. 290 (154 SE2d 608) (1967); *Hicks v. State,* 232 Ga. 393 (207 SE2d 30) (1974); *Hunt v. State,* 233 Ga. 329 (211 SE2d 288) (1974).

This evidence is admissible. The ruling of this court in the previous appearance of this case, *Rini v. State,* 235 Ga. 60, 65, supra, was that evidence of homosexuality unrelated to the murder could not be introduced. In this case, the evidence of homosexuality was introduced to prove motive and is clearly admissible.

3. The appellant contends that the trial court erred in failing to grant his motion for a mistrial when the state made an inflammatory and prejudicial argument concerning homosexuality and argued to the jury that the appellant had failed to produce a named alibi witness.

These were reasonable deductions from the evidence which the prosecuting attorney was authorized to make. *Brand v. Wofford,* 230 Ga. 750 (9) (199 SE2d 231) (1973).

4. During the first trial of this case, Dudley, an eyewitness, admitted on cross examination that he had been arrested on suspicion of murder and for burglary. Dudley's testimony at the prior trial, which was read into the evidence during this trial, showed on cross examination that the charges against him were not dropped because he agreed to testify for the state. On the contrary he testified that after he had been released on the murder charge, the burglary charges were dropped when he made restitution to the victim.

Prior to this retrial, the appellant moved to compel the state and its agents to produce all evidence explaining what disposition had been made concerning the burglary and murder charges against the witness.

When the motion came on for hearing, the district attorney stated in his place that: "I do not know, have no information, or have ever been able to ascertain the information as to the disposition of any of these [burglary] cases . . . there was never an indictment drawn, or any information produced to me in connection with the charge [of murder] against Dudley, by any investigating officer."

In *Hicks v. State,* 232 Ga. 393, 394 (207 SE2d 30) (1974) this court said: "A part of the material sought by appellant clearly was evidence which was not in the prosecution's file. This evidence could have been obtained only if the prosecution actively sought it. For the trial court to require production by the state of this evidence would require the state to investigate the case for the defense. In our opinion, this goes beyond the constitutional limits of Brady [Brady v. Maryland, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963)] which proscribed the 'suppression by the prosecution of evidence favorable to an accused.' . . . The prosecution does not 'suppress' evidence by refusing to conduct a search for it, even though the evidence may be more accessible to the state than to the defense."

The appellant argues that under Giglio v. United States, 405 U. S. 150 (92 SC 763, 31 LE2d 104) (1972) he was entitled to know whether the witness had been offered immunity from prosecution in exchange for his testimony. The witness testified that he had not been offered immunity and the prosecution's records do not show any immunity offer. As this court stated in *Eades v. State,* 232 Ga. 735, 736 (208 SE2d 791) (1974): "The rule as stated in Brady, supra, is followed in Georgia [cits.], but there must be evidence that such information existed and was actually withheld."

The motion was properly overruled.

5. The appellant contends that the trial court erred in failing to suppress portions of the testimony of Claridy, read into the evidence during this retrial. The evidence dealt with his identification of the appellant, Dudley and the victim leaving the apartment together on the night of the homicide. The trial court did not err in overruling the motion to suppress the evidence. The credibility of the witness was a matter for consideration by the jury under

the charge of the court.

*Judgment affirmed. All the Justices concur, except Ingram and Hill, JJ., who concur in the judgment only.*

ARGUED MARCH 8, 1976 — DECIDED APRIL 6, 1976 —
REHEARING DENIED APRIL 27, 1976.

*Telford, Stewart & Stephens, Charles W. Stephens,* for appellant.

*Jeff C. Wayne, District Attorney, Arthur K. Bolton, Attorney General, John W. Dunsmore, Jr., Assistant Attorney General,* for appellee.

*Judgment affirmed. All the Justices concur.*

