## 52945. SUDLOW v. THE STATE.

DEEN, Presiding Judge.

The defendant was tried and convicted for kidnapping and aggravated sodomy. The testimony in brief is that the defendant assaulted the prosecuting witness around midnight, August 28, 1975, as she was leaving her automobile in her apartment complex, that he was violent, threatened her if she resisted, and eventually kidnapped and coerced her into an act of oral sex. The defendant admitted the sex act but based his defense on the ground that it was voluntary.

The state offered testimony of three witnesses who had in the past three and a half months been assaulted and raped (or escaped a rape attempt) in the same general Atlanta area, all of whom identified Sudlow as the aggressor. One of these was seized on August 7, 1975, after parking her car in her apartment complex about midnight and the defendant forcibly raped her. The second was attacked after parking her car in the same apartment complex about 1:30 a.m. on July 29 but managed to escape, and the remaining witness, who was assaulted as she entered her car in a shopping center parking lot at about 9:30 p.m. on May 15, 1975, was attempted to be kidnapped by the defendant driving her car away, but with the help of friends managed to escape from the car, which the defendant then abandoned. All of this testimony was objected to as relating to independent criminal transactions which wrongfully put the defendant's character in issue. *Held:*

Ever since the landmark decision of *Bacon v. State,* 209 Ga. 261 (71 SE2d 615) this court and the Supreme Court have scrupulously upheld the principle that evidence of other crimes is ordinarily both irrelevant and prejudicial and, except where it comes under a clearly

defined exception to the rule, its admission is reversible error. This means that there must be shown some logical connection between the two from which it can be said that proof of the one tends to establish the other. Ordinarily, the mere fact that the crimes are of the same genre (as the multiple burglaries in the *Bacon* case) is insufficient. But where forcible sexual assaults are involved, there is at least much sociological evidence to support the conclusion that this type of deviant sexual behavior is a sufficiently isolated abnormality so that proof of the propensity of the defendant to engage in it is at least admissible, and to this extent "proof of the one tends to establish the other." "There are exceptions to this [other crimes] rule, and these exceptions have been rather liberally extended in cases of sexual crimes." *Hunt v. State,* 233 Ga. 329, 330 (211 SE2d 288). *Larkins v. State,* 230 Ga. 418 (197 SE2d 367), was a rape prosecution the conviction in which was reversed because of the admission of evidence of another rape committed by the defendant some seven months previously. In that case Justice Nichols dissented, pointing out particularly that there, as here, the defendant admitted the sexual act and defended on the ground of consent, the effect of which is of course to turn the trial into a swearing match between the defendant and the prosecuting witness. In such case, the existence of a deviant sexual attitude is left the only issue in the case; the likelihood of harm if the defendant has been wrongfully accused is over-balanced by the necessity of determining the social potentialities for behavior of the defendant. It is true that here there are many similarities between the attacks: all were upon strangers, all occurred as the owner was leaving her car at night, nothing was ever stolen, all were violent and accompanied by threats, etc. But the true reason for not excluding the testimony is that in violent sex crimes there is a broadening of the rule for the very reason that we are dealing with a type of behavior beyond the capability of the average criminal or of the average man, and a linkage does exist which has probative value in such cases. Further, it is justifiable rebuttal evidence where the defendant admits the transaction but denies the coercive element. Following the two cases cited above the Supreme

Court in *Thomas v. State,* 234 Ga. 635 (217 SE2d 152) allowed testimony that the defendant had previously raped another than the victim of the crime for which he was on trial, and the court disposed of the objection with slight discussion other than to note that the *Larkins* case had already been overruled in *Hunt* (thus establishing Justice Nichols' dissent as the true rule) and that the prior transaction was admissible and relevant to the question of whether the victim had consented to the act. For other decisions to the same effect see *Dorsey v. State,* 204 Ga. 345 (2) (49 SE2d 886); *Anderson v. State,* 222 Ga. 561 (3) (150 SE2d 638); *McNeal v. State,* 228 Ga. 633 (5) (187 SE2d 271); *Miller v. State,* 130 Ga. App. 275 (3) (202 SE2d 682).

*Judgment affirmed. Webb and Smith, JJ., concur.*

SUBMITTED OCTOBER 5, 1976 — DECIDED OCTOBER 22, 1976.

*Paul E. Cormier, Leonard N. Steinberg,* for appellant.

*William H. Ison, District Attorney, Michael D. Anderson, Assistant District Attorney,* for appellee.