## THOMAS vs. THE STATE OF GEORGIA.

1. The verdict is supported by the evidence.

2. A defendant in a criminal case demurred to an indictment because of defects in not setting out the offence with technical certainty; the court sustained the demurrer, and the indictment was about to be quashed, when defendant waived its insufficiency and went to trial by consent:

*Held*, that the defendant could not afterwards object to the admission of testimony on grounds arising out of the insufficiency of the allegations.

(a.) Pleadings cannot be waived, but if defective pleadings are before the court, the defects may be waived.

3. Where an indictment began " State of Georgia, Campbell county," and no other county was mentioned, a subsequent allegation that the crime was committed " in the county aforesaid," sufficiently stated the venue.

4. An allegation in an indictment that the defendant "in the county aforesaid, on the 25th day of December, in the year of our Lord eighteen hundred and eighty-two, with force and arms," etc. was sufficiently clear and specific as to time. The repetition of " then and there " is wholly unnecessary under the law of this state.

5. The indictment in this case was good. It alleged all the essential constituents of the crime of murder so plainly that the nature of the offence could be easily understood, and was sufficient. An allegation that a person was killed on a day named, means that he died on that day. The indictment need not allege that the crime was committed " in the peace of the state," or that the defendant was " of sound memory and discretion," or that the pistol used in shooting was loaded with powder and ball.

November 6, 1883.

(Criminal Law. Murder. Indictment. Pleadings. Waiver. Before Judge HARRIS. Campbell Superior Court. February Term, 1883.

John Thomas was indicted for the murder of Lindsey

Weaver. The body of the indictment is set out in the decision. The evidence for the state showed, in brief, the following facts: On December 25, 1882, defendant was drunk; he rubbed against Weaver, cursed him, and seemed determined to have a difficulty with him. Weaver pushed him off and tried to get rid of him, but defendant persisting, Weaver slapped him; some one pulled defendant away, and Weaver went down the street; defendant followed and again sought a difficulty; some one carried him into a bar-room and tried to detain him, but he made a disturbance, and being allowed to go, again followed Weaver, who had gone down the street and taken a seat on a bench in front of a store; defendant went up to him and asked if he wanted to die or was ready to die; Weaver told him to go away, that he (Weaver) did not want any fuss, and motioned defendant off; defendant replied that he would kill Weaver anyway, and at once drew his pistol and fired. The two were about five or six feet apart. When the shot was fired, Weaver went towards defendant and either fell against him or caught hold of him, and both fell together. Weaver's brother stepped up to them and raising his brother, found him dead. Within a few minutes after the killing, defendant was arrested. He was opening a knife. His pistol was picked up from the ground where he fell. No knife was seen about the person of Weaver.

The evidence for the defendant was, in brief, as follows: Weaver was walking on the street with a woman, when defendant went up to him, and striking him somewhat boisterously on the breast, demanded a Christmas present. Weaver had a knife in his hand, and threatened to cut defendant if the latter did not go away; there was a considerable and somewhat extended dispute, during which Weaver slapped defendant; Weaver kept his knife open and partially concealed under his coat; at the time of the killing, defendant went up to Weaver and said that the latter had hurt him when he slapped him; Weaver pushed

him off and said, " Go away, or I will cut you open," still having his knife in his hand; defendant stepped back, drew his pistol and fired. Immediately upon the firing, Weaver ran upon defendant, and a short struggle ensued, in which both fell to the ground. Defendant's coat was afterwards found to be cut.

In his statement, the defendant claimed that Weaver had raised his hand as if to cut, when he fired, and that it was in self-defence.

The jury found the defendant guilty, and he was sentenced to be hung. He moved for a new trial, on the following among other grounds:

(1.) Because the verdict was contrary to law and evidence.

(2.) Because the court admitted evidence as to when Weaver was shot, when he died, and that he died from the effect of the shot fired by the defendant.—The objection was that the indictment did not warrant this evidence. [The indictment is set out in the decision. The presiding judge certified in a note to the bill of exceptions that defendant's counsel demurred, specially to the indictment, on the ground that there was no allegation that death ensued within a year and a day from the shooting; that the demurrer was sustained, and an order was being prepared quashing the indictment, when counsel for defendant withdrew the demurrer and announced that they would go to trial on the indictment as it was.]

(3.) Because the indictment did not show the jurisdiction of the court.

(4.) Because the indictment did not show when or where the crime was committed.

The motion was overruled, and defendant excepted.

Roan & Rosser; J. H. Longino; George Latham; R. M. Holley, by brief, for plaintiff in error.

H. M. Reid, solicitor general; P. F. Smith, by brief, for the state.

JACKSON, Chief Justice.

The indictment is in the following words, after the usual heading of the county and state and names of the grand jurors:

"In the name and behalf of the citizens of Georgia, charge and accuse John Thomas, of the county and state aforesaid, with the offence of murder; for that the said John Thomas, in the county aforesaid, on the 25th day of December, in the year of our Lord eighteen hundred and eighty-two, with force and arms did, unlawfully and with malice aforethought, kill one Lindsey Weaver, by shooting the said Lindsey Weaver in the breast with a pistol, contrary," etc.

To this indictment defendant demurred, which was sustained and about to be entered of record and the bill of indictment quashed, when defendant waived its insufficiency and went to trial by his own consent thereunder. Pending the trial, sundry objections were made to the introduction of evidence on grounds arising out of the insufficiency of the allegations in the indictment as alleged in the demurrer, which the court overruled, and the defendant having been convicted of murder, moved for a new trial on the ground of error by the court in so ruling.

Subsequently the motion for a new trial was amended by adding that on the face of the indictment no jurisdiction was shown to try the case, and that it does not show when or where the crime was committed; and for these reasons a new trial should have been granted.

1. We see no error in overruling the motion on the ground that the verdict is against the evidence. There is ample testimony to sustain it.

2. We see none on the ground made in respect to letting in the evidence. If there were defects in setting out the offence with technical certainty, the defendant waived them, and of his own choice went to trial on the indictment; and on the trial was estopped from making points which the judge sustained on demurrer and which the solicitor general was in the act of putting on record and quashing the indictment when the waiver was made. It is

true that, even in a civil case, pleadings cannot be waived, but in all cases, merely defective pleadings being before the court, defects may be waived.    28 *Ga.*, 576 ; 43 *Ib.*, 218.

3. Nor do we see any error in overruling the motion on the want of jurisdiction as alleged to be apparent on the bill of exceptions, because the want of jurisdiction is not apparent thereon.    It is distinctly alleged that " the said John Thomas, in the county aforesaid, on the 25th day of December, in the year of our Lord eighteen hundred and eighty-two, with force and arms," etc., killed the deceased.    What county aforesaid?    Campbell county is the only county named before, anywhere in the indictment, and that is named in the beginning thereof, thus : " State of Georgia, Campbell county."    So that the allegation meant, by using the words " in the county aforesaid," Campbell county, and could not possibly mean any other county, because no other is named anywhere in the indictment.    Thus the place is most distinctly alleged where the deceased was killed.    13 *Ga.*, 396, 400.

4. The time is alleged with equal clearness.    It is on the 25th of December, 1882.    The mere repetition of " then and there " is wholly unnecessary under the law of this state.    Code §§4628, 4629 ; 13 *Ga. supra.*

5. From what we have said, it will appear that we hold the indictment itself good.    It alleges that deceased was killed on the twenty-fifth day of December, 1882.    If killed on that day, he died that day.    The jury must have so understood it, and the law is that if the indictment " states the offence in the terms and language of this Code, or so plainly that the nature of the offence charged may be easily understood by the jury," then it " shall be deemed sufficiently technical and correct."

How easy to understand the day and the place where this crime was charged ?    How easy to understand where the deceased was killed, when he was killed, who killed him, with what weapon he did the killing and with what

motive, to wit, "with malice aforethought," he did kill
deceased.  Code, §4628 *supra.*  The allegation is the very
substance and essence of murder as defined in section
4320 of the Code.  It is the unlawful killing of a human
being with malice aforethought, and all these constituents
of the crime are distinctly alleged; so distinctly that the
jury understood it as easily as if there had been pages
of iteration and reiteration, without study or explanation,
perhaps much more easily.  The indictment need not
allege that the crime was committed "in the peace of the
state" or that the defendant was "of sound memory and
discretion," or that the pistol was loaded with powder and
ball.  63 *Ga.*, 600; 47 *Ib.*, 524.  So that the language of
the Code necessary to be in the indictment is in this, and
it is plain enough for the jury to understand it easily, and
the law makes it "technical and correct."

Therefore we do not see wherein it is wanting in tech-
nicality and correctness before verdict; but assuredly after
verdict in substance it was all sufficient.  Code, §4629,
*supra*; 46 *Ga.*, 322.

Judgment affirmed.