## 20250. CLEMENTS *v.* THE STATE.

HAWKINS, Justice. The defendant was convicted of the alleged murder of his wife, Mrs. Jeraldine Clements, by the placing of strychnine, a poison, in sufficient quantities into a bottle of medicine that she was taking through her mouth, which strychnine and poison was put in the medicine for the purpose of causing and did cause the murder and death of the said Mrs. Jeraldine Clements. To the judgment denying his motion for a new trial, based upon the general grounds and two special grounds, the defendant excepts. *Held*:

1. The evidence, though circumstantial in nature—relating to conduct and statements of the defendant before and after the death of his wife, medicine procured and given to her by the defendant, her complaints and symptoms during her illness following the taking of such medicine, the presence of strych-

570

nine in her vital organs shown by an autopsy; evidence from which the jury was authorized to find that the defendant had purchased strychnine under an assumed name within twenty-four hours prior to her death; that after her death strychnine was found to be in the bottle of prescription medicine brought to her by the defendant; testimony by the druggist filling the prescription that it contained no strychnine at the time it was delivered to the defendant; and that there was insurance upon the life of the deceased in favor of the defendant as beneficiary—authorized a finding that the defendant killed the deceased by poisoning her with strychnine, as charged in the indictment. See *Gossett* v. *State*, 203 *Ga.* 692 (48 S. E. 2d 71); *Driver* v. *State*, 194 *Ga.* 561 (22 S. E. 2d 83).

2. The two special grounds of the motion for a new trial complain of the same excerpt from the charge of the court therein set out, which is alleged to be erroneous, (1) because not sound as an abstract principle of law, and (2) that it was an expression of opinion by the court that the defendant did take the life of the deceased, and that it was contradictory, uncertain, and confusing. The charge complained of is in substance the same charge assigned as error in *Davis* v. *State*, 74 *Ga.* 869 (4), which was there held to be a correct statement of an abstract principle of law. In *Jackson* v. *State*, 152 *Ga.* 210 (4) (108 S. E. 784), it is held that an exception to a charge in substantially the same language as that given by the court in the instant case, upon the ground that it contained an expression of opinion by the court, was without merit. While the charge set out in these special grounds shows that the court repeated a portion of the charge, this did not render it contradictory, uncertain, and confusing. Compare *Beckworth* v. *State*, 183 *Ga.* 871, 874 (190 S. E. 184). The court's charge on motive, being in substance the charge approved as correct in *Davis* v. *State*, 74 *Ga.* 869 (4), supra, was not subject to the exceptions contained in the two special grounds of the motion for a new trial.

3. It was not error to deny the motion for a new trial as amended.

*Judgment affirmed. All the Justices concur.*

Argued October 14, 1958—Decided November 7, 1958.

*Harold A. Boggs, Linton A. Johnson, Marshall L. Allison,* for plaintiff in error.

*Jeff Wayne, Solicitor-General, R. Howard Gordon, Eugene Cook, Attorney-General, Rubye G. Jackson, Deputy Assistant Attorney-General,* contra.