215 Ga. 229 (1959)
109 S.E.2d 785
LYLES
v.
THE STATE.
20465.
Supreme Court of Georgia.
Argued May 11, 1959.
Decided July 8, 1959.
Rehearing Denied July 23, 1959.
William K. Buffington, Jack J. Gautier, Roy B. Rhodenhiser, Jr., for plaintiff in error.
H. T. O'Neal, Jr., Charles F. Adams, Special Assistant Attorneys-General, Eugene Cook, Attorney-General, Rubye G. Jackson, Deputy Assistant Attorney-General, contra.
*248 CANDLER, Justice.
On June 10, 1959, a grand jury in Bibb County by a special presentment charged and accused Mrs. Anjette Donovan Lyles with the offense of murder. The presentment alleges that the accused "with malice aforethought, did, in the year of Our Lord One Thousand Nine Hundred and Fifty-Eight in the county aforesaid, make assaults upon Marcia Elaine Lyles by administering and causing to be administered to the said Marcia Elaine Lyles deadly poisons, to wit: Arsenic and arsenic trioxide, and other poisons of like deadly character the names of which are to the grand jury unknown, but all of the same being substances likely to produce death in the manner so used; the said Anjette *230 Donovan Lyles having administered said deadly poison and poisons by artfully, deceitfully, and wickedly enticing, procuring, and causing the said Marcia Elaine Lyles to swallow and take internally said deadly poisons at a time and times, and in a form and forms, and in a dose and doses to the grand jury unknown, all with the intention and design to kill and murder the said Marcia Elaine Lyles, who was then and there ignorant of the deadly character of said poisons; and the said deadly poison and poisons did produce in said Marcia Elaine Lyles a state of mortal sickness whereof she died on the 5th day of April in the year of Our Lord One Thousand Nine Hundred and Fifty-Eight, and so the jurors aforesaid, upon their oaths aforesaid, do say that the said Anjette Donovan Lyles, in the manner and form aforesaid, did unlawfully, feloniously, and with malice aforethought, kill, murder, and slay the said Marcia Elaine Lyles contrary to the laws of said State, the good order, peace and dignity thereof." Before arraignment, the defendant demurred to the presentment generally on the ground that its allegations are insufficient to charge her with the commission of any offense under the laws of this State. And she demurred to it specially on the ground that it alleges no specific date or dates on which she allegedly made assaults upon Marcia Elaine Lyles by administering and causing to be administered to her deadly poisons, and that there is no allegation in the presentment of any date on which the accused allegedly murdered Marcia Elaine Lyles. The demurrers were overruled, and that judgment is properly excepted to in the bill of exceptions. On the trial a jury convicted the accused of the offense charged without any recommendation, and she was sentenced to be electrocuted. In due time, she filed a motion for a new trial on the usual general grounds, later amended it by adding several special grounds, and excepted to a judgment denying her motion as amended. Held:
1. Section 27-701 of the Code of 1933 declares: "Every indictment or accusation of the grand jury shall be deemed sufficiently technical and correct which states the offense in the terms and language of this code, or so plainly that the nature of the offense charged may easily be understood by the jury . .." This section gives a form for every indictment or accusation, and it is there pointed out that each indictment or accusation must set out the offense and allege the time and *231 place of its commission with sufficient certainty. The same form as there given has been included in all of our former Codes. The special demurrer, which the defendant timely interposed, attacks the presentment on the ground that it fails to allege a specific date on which the offense charged was allegedly committed by the accused. Respecting this contention, we think it is well settled by the decisions of this court that an indictment or accusation which fails to allege some specific date on which the offense was committed is defective as to form and therefore subject to a timely interposed special demurrer pointing out such defect. For some of the cases so holding, see Cook v. State, 11 Ga. 53 (56 Am. Dec. 410); Harris v. State, 58 Ga. 332; Bailey v. State, 65 Ga. 410; Thomas v. State, 71 Ga. 44; Phillips v. State, 86 Ga. 427 (12 S. E. 650); Braddy v. State, 102 Ga. 568 (27 S. E. 670); Adkins v. State, 103 Ga. 5 (29 S. E. 432); Bridges v. State, 103 Ga. 21 (29 S. E. 859). As to the cases just cited, Thomas v. State is the only one where the accused was charged with murder, and there the indictment alleged a specific date. In the instant case it is argued that the trial judge erred in overruling the defendant's special demurrer, and that the trial was nugatory. This contention is not sustainable. Concerning the essential allegation of time, the presentment which was returned by the grand jury on June 10, 1958, alleges in substance that the accused in 1958 administered and caused to be administered to Marcia Elaine Lyles deadly poisons, to wit: Arsenic and arsenic trioxide, with the intention and design to kill and murder her, and that the poisons so administered caused her death on April 5, 1958. Here is a day certain, "April 5, 1958", when the death of the person named in the presentment actually occurred, allegedly in consequence of the defendant's wrongful and unlawful acts. It was on that specific date the offense of murder, as charged in the presentment, was consummated by the accused, and the presentment alleges that every unlawful act which the accused performed in the commission of the homicide and which culminated in the victim's death was performed by her in 1958 before the presentment was returned and before the victim's death.
The presentment in this case was good in substance. It alleged all the essential elements of the crime of murder so plainly that the nature of the offense could be easily understood by *232 the jury; and, since it did, it was sufficiently technical and correct. See Thomas v. State, 71 Ga. 44, supra. This being true, the court did not err, as contended, in overruling the general demurrer interposed to the presentment.
2. On the trial several witnesses for the State were permitted to testify to facts showing or tending to show that the accused had previously poisoned and killed three other persons for monetary motives. Such testimony was objected to when offered on the ground that it was irrelevant, immaterial, and put the defendant's character in evidence when she had not elected to do so. Special grounds 1 to 55 inclusive of the motion for new trial allege that the court erred, over the objection made thereto, in allowing such evidence. Counsel for the plaintiff in error has argued these several grounds together, and correctly so, inasmuch as they present for decision one composite question which was raised many different times during the trial. This is certainly not a new question, but one which this court has had for consideration many times. By several full-bench decisions, and by some where there were one or more dissents, this court has affirmed convictions where testimony of the character here complained of was admitted over a similar objection timely made. Among the unanimous decisions just referred to, is Williams v. State, 152 Ga. 498, 521 (110 S. E. 286), where the defendant was indicted in Jasper County for the murder of one Lindsey Peterson, and where evidence, showing or tending to show that he had for the same asserted motive, namely, the destruction of evidence against himself and sons for the offense of peonage, previously murdered seven other persons, was admitted over timely objections thereto, it was held: "The general rule is, that, on a prosecution for a particular crime, evidence which in any manner shows or tends to show that the accused has committed another crime wholly independent from that for which he is on trial, even though it be a crime of the same sort, is irrelevant and inadmissible; but to this rule there are several exceptions. Among them is the admissibility of evidence showing or tending to show the commission of crimes other than that for which the accused is on trial, for the purpose of showing motive, plan, or scheme." Some of the other full-bench decisions referred to are: Hill v. State, 148 Ga. 521 (1) (97 S. E. 442); Coart v. State, 156 Ga. 536 (119 S. E. 723); Waters v. State, 158 Ga. 510 (123 *233 S. E. 806); Green v. State, 172 Ga. 635 (158 S. E. 285); Wilson v. State, 173 Ga. 275 (2) (160 S. E. 319); Honea v. State, 181 Ga. 40 (181 S. E. 416); Cooper v. State, 182 Ga. 42 (3) (184 S. E. 716, 104 A. L. R. 1309); Sisk v. State, 182 Ga. 448 (1) (185 S. E. 777); Goodman v. State, 184 Ga. 315 (191 S. E. 117); Black v. State, 187 Ga. 136 (199 S. E. 810); Hunter v. State, 188 Ga. 215 (3 S. E. 2d 729); Mimbs v. State, 189 Ga. 189 (5 S. E. 2d 770); and Emmett v. State, 195 Ga. 517 (25 S. E. 2d 9). None of these decisions has been overruled or modified, and until they are they have the force and effect of a statute and are binding authority which this court is required to and should follow. As authority for this, see West v. Trotzier, 185 Ga. 794, 796 (196 S. E. 902); Hagan v. Candler, 189 Ga. 250, 258 (5 S. E. 2d 739, 126 A. L. R. 108); and Crown Laundry v. Burch, 205 Ga. 211 (53 S. E. 2d 116). Some of the more recent decisions referred to, where there were one or more dissents, are Gossett v. State, 203 Ga. 692 (2) (48 S. E. 2d 71); Dorsey v. State, 204 Ga. 345 (49 S. E. 2d 886); Biegun v. State, 206 Ga. 618, 620 (58 S. E. 2d 149); and Mosley v. State, 211 Ga. 611 (87 S. E. 2d 314). On its facts, the Gossett case is remarkably similar to the instant case. Like the defendant in this case, Mrs. Gossett was indicted for killing one person with arsenic, money being her motive for the homicide as the State contended, and over her objections the court admitted evidence which showed or tended to show that she had previously killed her father and mother with arsenic for a monetary motive. It was there held by the majority that the evidence objected to was relevant for the purpose of showing plan, scheme, and motive with respect to the crime for which she was then being tried; and some of the full-bench decisions mentioned above were cited in the opinion which Mr. Justice Bell prepared for the court as authority for the ruling there made. The full-bench decision in Bacon v. State, 209 Ga. 261 (71 S. E. 2d 615), is not in conflict with the decision rendered in any one of the several cases cited above. It simply holds, as they do, that, on the trial of one charged with the commission of a crime, proof of a distinct, independent, and separate offense is not admissible, even though it be a crime of the same sort, unless there is some logical connection between the two from which it can be said that proof of the one tends to establish the other. In the instant case, the presentment accused the defendant *234 of intentionally killing her nine-year-old daughter by causing her to swallow and take internally certain deadly poisons. The State contended that her motive for such act was the collection of insurance which had been taken out on the life of the deceased in which she was the designated beneficiary, and certain other financial benefits which would accrue to her on the child's death. The State offered, and the court admitted over the defendant's objections, the testimony of a number of witnesses which shows or tends to show that the accused, for a money motive and in a like manner, had previously poisoned with arsenic and killed three other persons, namely Ben F. Lyles, Jr., Joe Neal Gabbert, and Mrs. Ben F. Lyles, Sr., the first two being her husbands and the latter her mother-in-law. The testimony objected to and allowed tends to show a logical connection between the deaths of the three persons mentioned by the witnesses and the death of Marcia Elaine Lyles, the last victim. Touching this and respecting similarity of the facts and circumstances as to the death of each, the evidence shows: (1) Each of the victims occupied a very close relationship to the defendant. (2) Each of them died from a unique cause: arsenic trioxide poisoning. (3) Each died from a remarkable administration of these unique media, that is, by multiple doses built up to a lethal level. (4) The defendant was the only close personal attendant to all four victims. (5) The defendant showed little or no grief for any one of her four victims, though each was very close to her. (6) The defendant collected a substantial amount of money from the death of each victim. (7) The burials of all were similar, in that each was lavishly done by the defendant. (8) All victims were carried to the same hospital, at which place they were attended by the defendant. (9) The defendant expressed intense dislike for each of the victims either before or after his or her death. (10) The defendant predicted the death of all of the victims except Ben F. Lyles, Jr., before he or she died. In addition to these general similarities, there are innumerable other similarities between various combinations of the deaths within the overall grouping. These similarities are obvious from a reading of the evidence and will not be enumerated here. We think that all of these facts and circumstances are sufficient to show that common design and modus operandi which brings this case within the scope of the rule so clearly stated in the *235 above-cited decisions. Hence, we hold that the evidence objected to was relevant for the purpose of showing plan, scheme, and motive with respect to the crime charged by the presentment in this case, and that the court did not err in admitting the evidence for such purpose.
3. The brief for the plaintiff in error argues special grounds 56 to 59 inclusive together. These special grounds complain of the introduction and allowance of several canceled checks, some of which are dated after the death of Marcia Elaine Lyles; a letter to the Veterans Administration, dated June 21, 1955, purporting to be written and signed by Joe Neal Gabbert, and inquiring about the status of his insurance; an instrument purporting to be signed by Mrs. Ben F. Lyles, Sr., dated September 2, 1957, addressed "To Whom It May Concern", and directing that her body be delivered for burial to Anjette Donovan Lyles (the defendant); and a photostatic copy of the last will and testament of Mrs. Ben Lyles, Sr. That they were irrelevant, immaterial, did not illustrate the issue on trial, and were being offered by the State solely for the purpose of putting her character in evidence when she had not elected to do so, was the objection timely made by the accused to their admission. None of these grounds of the motion requires a reversal of the judgment refusing a new trial. They were facts which it was proper for the jury to consider in connection with the State's contention that the accused murdered Ben F. Lyles, Jr., Joe Neal Gabbert, and Mrs. Ben F. Lyles, Sr., as well as the person named in the presentment; and that her motive for each homicide was the same, namely, money. Respecting all of the documents so tendered, except the canceled checks, the State introduced evidence which would have authorized the jury to find that they were not only forgeries but forged by the accused.
4. Special ground 60 alleges that a new trial should be granted movant because the jury which tried her was not sworn as required by law. The recital of fact in this ground of the motion for new trial was not approved as being true by the trial judge; but, to the contrary, was disapproved by him and his certificate expressly recites that the jury was sworn before the trial started. Hence, this ground of the motion cannot be considered. Clifton v. State, 187 Ga. 502 (2) (2 S. E. 2d 102).
5. The evidence, though circumstantial in nature, authorized *236 the verdict, and it has the approval of the trial judge. Hence the general grounds of the motion for a new trial are not meritorious. See Gossett v. State, 203 Ga. 692, supra, Clements v. State, 214 Ga. 569 (1) (105 S. E. 2d 725), Driver v. State, 194 Ga. 561 (22 S. E. 2d 83), and McNaughton v. State, 136 Ga. 600 (71 S. E. 1038), where each defendant was convicted on circumstantial evidence and where the indictments charged them with having committed a homicide by the intentional use of a deadly poison. Among the many facts and circumstances shown by the State's evidence in the case at bar, which when considered together and as a whole show the defendant's guilt of the offense charged, is a statement made by her on more than one occasion shortly prior to the decedent's death that she would kill her if it were the last thing she ever did. The evidence as we view it after a careful and anxious examination of it, shows nothing short of a deliberate, premeditated, well-concocted plan and scheme, as the defendant thought, to murder an innocent child for no cause except to satisfy her selfish desire for money.
6. Since the judgments complained of are not erroneous for any reason assigned, they are therefore affirmed.
All the Justices concur, except Wyatt, P. J., who dissents from the rulings in the second and third divisions of the opinion and from the judgment of affirmance.