A95A0555. ADAMS v. THE STATE.
(458 SE2d 171)

BIRDSONG, Presiding Judge.

Ronald David Adams appeals his conviction for violating the Georgia Controlled Substances Act by possessing cocaine with the intent to distribute. He contends the evidence is insufficient to sustain his conviction and that he was denied effective assistance of counsel. *Held*:

1. When considering whether the evidence is sufficient to sustain the verdict, we view the evidence in the light most favorable to the verdict, the appellant no longer enjoys the presumption of innocence, and the appellate court determines the sufficiency of the evidence and does not weigh the evidence or judge the credibility of the witnesses. *Grant v. State*, 195 Ga. App. 463 (393 SE2d 737). Further, we do not speculate which evidence the factfinder chose to believe or disbelieve. *Mills v. State*, 137 Ga. App. 305, 306 (223 SE2d 498).

Considered in this manner, we find the evidence sufficient to sus-

tain Adams' conviction under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Here, Adams was identified as the occupant of a house from which a confidential informant made a purchase of cocaine, and later, when a search warrant was executed, cocaine was found in the house, and some of what appeared to be cocaine was in many small bags. Considering this evidence, we conclude that the jury rationally could have found beyond a reasonable doubt that Adams was guilty of the offense of which he was convicted. Id.

2. Adams contends that he was denied effective assistance of counsel because his trial defense counsel failed to object to the admission of untested suspected cocaine, failed to move for curative instructions, and failed to move for a mistrial. This issue was properly presented to the trial court, and the trial court found that Adams had received effective assistance of counsel. As this finding is supported by the evidence, we affirm. *Middlebrooks v. State*, 208 Ga. App. 23, 24 (430 SE2d 163).

This enumeration of error is based upon the proposition that a bag containing numerous small bags of a substance that appeared to be cocaine should not have been introduced in evidence because the substance was not tested to determine what the bags contained. The transcript shows that Adams' trial defense counsel objected to the admission of this evidence, but his objection was overruled, and his objection was sufficient to preserve the issue for appellate review. Although Adams now contends his trial defense counsel should have based the objection on relevancy, we do not find that such an objection would have been well taken. As an item found pursuant to a search warrant in Adams' apparent possession, the bag of suspected cocaine was relevant. Under these circumstances, it cannot be said that the trial defense counsel was ineffective for failing to object on this basis. Further, "[i]n the absence of testimony to the contrary, counsel's actions are presumed strategic. *Stanley v. Zant*, 697 F2d 955 (11th Cir. 1983), cert. denied, 467 U. S. 1219 (1984)." *Earnest v. State*, 262 Ga. 494, 496-497 (422 SE2d 188). Therefore, we find that Adams was not denied effective assistance of counsel within the meaning of *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674).

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED JUNE 5, 1995.

*Sharon L. Melcher*, for appellant.

*Thomas J. Charron, District Attorney, Charles M. Norman, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys*, for

appellee.