A95A2625. HUNTER v. THE STATE.
(467 SE2d 2)

McMURRAY, Presiding Judge.

Defendant Hunter appeals his conviction of the offense of felony obstruction of a law enforcement officer. *Held:*

1. The evidence presented at trial was sufficient to authorize defendant's conviction. After defendant and a companion were denied

entry into a bar because they were intoxicated, defendant's companion became verbally abusive towards the bar's doorman. Two uniformed police officers were summoned and attempted to escort defendant's companion away. Defendant then attacked one of the officers, tackling him from behind and driving the officer into a door resulting in an injury to the officer's hand.

There was conflicting evidence as to whether defendant first attacked the officer, or was himself attacked by an officer, with several witnesses supporting each of the alternative accounts of what transpired. But such conflicts in the evidence relate to the credibility of the witnesses which is solely for the trier of fact. We examine only whether the evidence viewed in the light most favorable to upholding the jury's verdict was sufficient from which a rational trier of fact could find defendant was guilty beyond a reasonable doubt. Under this standard, the evidence was sufficient to authorize defendant's conviction. Therefore the trial court did not err in denying defendant's motion for directed verdict of acquittal or in denying defendant's motion for new trial on the general grounds. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Williams v. State*, 217 Ga. App. 636, 637 (3), 638 (458 SE2d 671); *Adams v. State*, 217 Ga. App. 532 (1) (458 SE2d 171); *Redding v. State*, 217 Ga. App. 529 (458 SE2d 168).

2. Defendant also contends the trial court erred in instructing the jury concerning voluntary intoxication in this case where actual knowledge and specific intent form essential elements of the offense charged. However, this Court has already held that there is no error in charging voluntary intoxication in a case charging a specific intent crime so long as the jury is properly charged regarding the finding of the requisite intent. *Hayes v. State*, 193 Ga. App. 33, 36 (6) (387 SE2d 139). In the case sub judice, the jury was properly instructed on the necessary findings of specific intent, that is, that defendant knew the person he attacked was a police officer and knew that the officer was attempting the lawful discharge of his duties. Therefore, and in view of the evidence concerning defendant's intoxication, the charge on voluntary intoxication was not error.

3. Following a hearing, the trial court issued an order denying defendant's motion for a supersedeas bond because reversal on appeal was unlikely. *Birge v. State*, 238 Ga. 88, 90 (230 SE2d 895). In an order of September 14, 1995, we also denied a motion by defendant for supersedeas bond. In his third and final enumeration of error, defendant maintains that the trial court's denial of his appeal bond was error. But since we affirm the conviction, this issue is moot. *Hall v. State*, 210 Ga. App. 792, 795 (2) (437 SE2d 634).

*Judgment affirmed. Andrews and Blackburn, JJ., concur.*

DECIDED JANUARY 3, 1996.

N. *David Wages*, for appellant.

*Daniel J. Porter, District Attorney, George F. Hutchinson III, Jefferson B. Blandford, Assistant District Attorneys*, for appellee.