A06A0255. YATES v. THE STATE.
(629 SE2d 67)

MIKELL, Judge.

The Henry County Solicitor-General's Office filed an accusation against Rhonda Denise Yates, alleging three offenses: (1) failure to maintain lane with accident; (2) failure to drive on right; and (3)

---

[5] (Footnote omitted.) Id. at 343.

[6] Id.

driving under the influence. Yates moved to quash the accusation, alleging that it did not sufficiently apprise her of the offenses with which she was charged. At the hearing on the motion to quash, Yates also argued that the accusation was defective because it did not allege the county in which the offenses occurred.[1] The trial court denied Yates's motion to quash.

Yates pled guilty to the first offense, and the state dismissed the second count. After a bench trial on the third offense, driving under the influence, Yates was found guilty and sentenced to serve twelve months, ten days of which would be served in confinement and the remainder on probation. On appeal, Yates enumerates as error only the denial of her motion to quash. Because Count 3 of the accusation did not allege the county in which the offense occurred, we reverse.

On appeal, "this court views the evidence in the light most favorable to support the verdict, and an appellant no longer enjoys a presumption of innocence."[2] Further, "[w]here the evidence is uncontroverted and there is no issue as to witness credibility, . . . we review de novo the trial court's application of the law to the undisputed facts."[3]

In pertinent part, the accusation herein reads as follows:

### Count 3

The undersigned, as prosecuting attorney, does further charge and accuse the said . . . **YATES** with the offense of **DRIVING UNDER THE INFLUENCE [40-6-391 (A) (1)]**, for that the said accused, did then and there on April 17, 2005, exercise actual physical control of a moving vehicle while under the influence of alcohol to the extent that it was less safe for the said accused to drive, contrary to the laws of this state, the good order, peace and dignity thereof.

Yates argues that because Count 3 of the accusation did not allege the county in which the incident occurred, the accusation should have been quashed. We agree.

"Venue is a material element which must be alleged in any indictment or accusation."[4] In *Thomas v. State*,[5] our Supreme Court

---

[1] The transcript of the hearing on the motion to quash is not included in the record, but the arguments made during the hearing are referenced in the transcript of the bench trial.

[2] (Citation and punctuation omitted.) *Dumas v. State*, 239 Ga. App. 210-211 (1) (521 SE2d 108) (1999).

[3] (Footnote omitted.) *State v. Becker*, 240 Ga. App. 267-268 (523 SE2d 98) (1999).

[4] (Citation and footnote omitted.) *Houston v. State*, 267 Ga. App. 315 (599 SE2d 278) (2004).

[5] 71 Ga. 44 (1883).

held that venue was properly stated in an indictment, which began with "State of Georgia, Campbell county" and mentioned no other county therein but subsequently alleged that the crime was committed "in the county aforesaid."[6] Relying thereon, we held in *Dixon v. State*,[7] that an indictment was not defective when it stated the county of the offense at the top of the document and, in the body, stated that the offenses were committed in "the county aforesaid."[8] The state contends that based on these cases, the accusation in the case sub judice is not defective because the words "State of Georgia, Henry County" appear at the top of each of its pages. However, the state's argument fails because unlike *Thomas* and *Dixon*, there is no language in Count 3 of the subject accusation, such as "in the county aforesaid," that incorporates the county stated at the top of the document. In fact, Count 3 makes no reference whatsoever as to where the offense was committed. Although Count 1 of the accusation identifies the assistant solicitor-general as the prosecuting attorney of "the county and state aforesaid,"[9] we cannot presume therefrom that the crime stated in Count 3 was committed in the same county.[10]

Appellee argues that Yates's guilty plea to Count 1 establishes venue and jurisdiction in Henry County State Court but cites no authority in support of its proposition. While it is true that a guilty plea to an offense waives all defenses to that offense, including venue, as well as objections to the indictment, the waiver applies to that offense or prosecution only.[11] In other words, Yates could not come before us now challenging Count 1 of the indictment, to which she pled guilty, or arguing that venue was not proven as to that offense. But since Yates did not plead guilty to Count 3 of the accusation, we cannot conclude that her guilty plea to Count 1 relieved the state of its requirement to allege venue in Count 3. Accordingly, Yates's conviction must be reversed.

*Judgment reversed. Blackburn, P. J., and Adams, J., concur.*

---

[6] Id. at 48 (3).

[7] 252 Ga. App. 385 (556 SE2d 480) (2001).

[8] Id. at 388 (4).

[9] In pertinent part, Count 1 of the accusation reads as follows: "On behalf of the people of the State of Georgia, the undersigned, as prosecuting attorney for the county and state aforesaid, does hereby charge and accuse . . . YATES with the offense of **FAILURE TO MAINTAIN LANE W/ACCIDENT** . . . for that the said accused, did . . . unlawfully drive a vehicle on State Route 401, a public highway."

[10] See generally *Howard v. State*, 252 Ga. App. 487, 488 (2) (555 SE2d 884) (2001) (as a general rule, we do not impute allegations set forth in one count of an indictment to a separate count, absent specific reference to the allegation sought to be imputed).

[11] See *Mallory v. State*, 225 Ga. App. 418, 421 (3) (483 SE2d 907) (1997). See also *Ramsey v. State*, 267 Ga. App. 452, 454 (600 SE2d 399) (2004) (a knowing and voluntary plea waives all defenses, including venue).

DECIDED MARCH 23, 2006.

*Virgil L. Brown & Associates, Virgil L. Brown, Brent D. Hutchison*, for appellant.

*Charles A. Spahos, Solicitor-General, Leonard M. Geldon, Assistant Solicitor-General*, for appellee.