A06A1118. WERNER v. THE STATE.
(635 SE2d 234)

ANDREWS, Presiding Judge.

Shannon Michelle Werner appeals from the trial court's denial of her motion to quash the accusation charging her with two counts of driving under the influence,[1] contending that there was an insufficient allegation of venue.

The accusation, filed by the Henry County Solicitor-General's Office, bore the heading "State of Georgia, Henry County" and read, in pertinent part, as follows:

## COUNT 1

On behalf of the people of the State of Georgia, the undersigned, *as prosecuting attorney for the county and state aforesaid*, does hereby charge and accuse **SHANNON MICHELLE WERNER** with the offense of **DRIVING UNDER THE INFLUENCE [40-6-391 (A) (1)]**, for that the said accused, did then and there on **August 14, 2005**, exercise actual physical control of a moving vehicle while under the influence of alcohol to the extent that it was less safe for the said accused to drive, contrary to the laws of this state, the good order, peace and dignity thereof.

## COUNT 2

The undersigned, *as prosecuting attorney*, does further charge and accuse the said [defendant] with the offense of **DRIVING UNDER THE INFLUENCE [40-6-391 (A) (5)]**, for that the said accused, did then and there on **August 14, 2005**, exercise actual physical control of a moving vehicle while having an alcohol concentration of 0.08 grams or more at a time within three hours after such actual physical control, from alcohol consumed before such actual physical control ended. . . .

---

[1] A third count, failure to maintain her lane, is not at issue.

(Emphasis supplied.)

This case is controlled by *Yates v. State*, 278 Ga. App. 422 (629 SE2d 67) (2006), another DUI case arising in Henry County. The count at issue in *Yates*, supra, used only the language "as prosecuting attorney," omitting the additional language "of the county and state aforesaid." It was held that the accusation should have been quashed for failure to allege the county in which the incident occurred.

Because Count 1 does incorporate the heading by using the language italicized above, the trial court correctly denied the motion to quash on that count and Werner's conviction on that count stands. *Yates*, supra; *Dixon v. State*, 252 Ga. App. 385, 388 (4) (556 SE2d 480) (2001).

Although the record here contains no sentence imposed by the trial court on Count 2, because of the fatal flaw in failing to allege the county in which that violation occurred, the trial court erred in not granting Werner's motion to quash that count. *Yates*, supra.

Upon remand, the trial court is directed to enter an order quashing Count 2.

*Judgment affirmed and case remanded with direction. Barnes and Bernes, JJ., concur.*

DECIDED JULY 31, 2006.

*Virgil L. Brown & Associates, Virgil L. Brown, Brent D. Hutchison*, for appellant.

*Charles A. Spahos, Solicitor-General, Gilbert A. Crosby, Assistant Solicitor-General*, for appellee.