A06A1759. DAVIDSON v. THE STATE.

(643 SE2d 848)

BARNES, Chief Judge.

A jury convicted Samuel Davidson of driving under the influence and the trial court sentenced him to 12 months, with 90 days in confinement. The trial court denied his motion for a new trial and he appeals, contending that the trial court erred in restricting his cross-examination of a witness and in denying him a supersedeas bond. For the reasons that follow, we affirm.

1. During the first trial of this case, an off-duty Fulton County deputy sheriff testified that he was driving home after his shift at the jail when he saw Davidson driving erratically. After Davidson hit a curb, blew a tire, and pulled into a gas station, the deputy flagged down two Cobb County police officers to tell them he thought Davidson was either sick or impaired. He then testified that he watched Davidson perform field sobriety tests and in his opinion, Davidson was impaired, based on his slurred speech and stumbling walk. He also testified that Davidson urinated on himself, and that Davidson injured himself by jerking away from the officers as they attempted to place him into their patrol car.

The State then asked, "Deputy . . . , on a scale of one to ten, one being stone cold sober and ten being knee-walking, commode-hugging drunk, what is your opinion of Mr. Davidson's level of intoxication that evening?" He responded, "It was about a nine," and when asked why, he said, "Because the way he was stumbling over his feet, slurred speech, when he was asked for his license, how he was fumbling through, looking for his license and he couldn't find it. He ended up giving them a credit card instead of a license. That showed me that he was really impaired." Davidson then cross-examined the deputy at length regarding his field sobriety observations and had him demonstrate the tests before the jury. After he finished testifying, the court adjourned for lunch.

When court reconvened, Davidson reported seeing one of the officers who was waiting to testify conversing with a juror in the hall about weapons permits. The officer testified that the juror approached him and asked him the difference between a concealed

weapon permit and a weapon permit and what type he needed to carry a gun in his car or on his person. Davidson moved for a mistrial, and the court granted the motion, finding that the juror might have been inclined to find the officer's testimony more credible.

After dismissing the first jury, the trial court brought in a new panel that same afternoon from which the parties selected a jury. The next day, the deputy sheriff testified again, but the State did not ask him to recount his observations of the police officers' field sobriety tests or to estimate the level of Davidson's intoxication. On cross-examination, Davidson began by noting that the deputy's testimony differed considerably from his testimony the day before. For example, Davidson brought out that the deputy testified that he heard Davidson's tire pop when he hit the curb, but did not mention that the day before. The deputy also testified that he saw the arresting officers administer an alco-sensor test to Davidson, but did not mention that the day before. When Davidson asked the deputy whether he had testified the day before that Davidson's level of intoxication was nine, the State objected on the ground that the cross-examination was not related to the direct examination or the evidence before the jury.

Davidson responded that a significant change in the deputy's testimony from one day to the next was relevant to his overall credibility, but the trial court sustained the objection. After some additional cross-examination, at a bench conference Davidson proffered that he would like to elicit the deputy's prior statement regarding Davidson's degree of intoxication, because it related to his credibility "in the sense that on one day, he can testify about one thing and on another day, apparently he doesn't hold that opinion any more." The State responded that it had no objection to Davidson asking about the degree of intoxication, but no inconsistency existed because the State had not asked him the question during the current trial. The court ruled that Davidson could ask if the deputy had an opinion as to Davidson's degree of intoxication and what he observed, but could not bring up what he said yesterday because the State had not asked him the same questions.

Davidson then asked the deputy if he had an opinion regarding Davidson's intoxication that night, and when he responded yes, Davidson asked, "And that opinion is that Mr. Davidson is a nine out of ten, right?" The State objected, the court overruled the objection, and Davidson asked what scale the deputy was using, "an official scale or his own personal scale." The State objected again and the court sent the jury out. The court then asked Davidson if he was deliberately attempting to obtain a mistrial by going into matters the court had already ruled out. The State noted that the only answer to that question was that the scale was the assistant district attorney's scale, for which the State laid the foundation the day before but not

in the current trial. The court ruled that Davidson could not ask the deputy anything about the scale used the day before but could cross-examine him on anything he testified about during the current trial.

After Davidson finished his cross-examination, the deputy on redirect testified that the State did not ask him the day before about the tire popping or the alco-sensor test. After redirect ended, Davidson again wanted to address the court's "restriction of [his] cross-examination" because the State talked about the difference in the deputy's testimony today and the day before. The court noted that the State only addressed what Davidson brought out early in his cross-examination, and did not go into the areas Davidson was restricted from addressing.

Davidson contends on appeal that the trial court erred in restricting his cross-examination and barring him from impeaching the deputy with his prior testimony, as allowed by OCGA § 24-9-83. A defendant has the right to a thorough and sifting cross-examination of the witnesses called against him, but the trial court has the discretion to limit the scope of cross-examination. *Givens v. State*, 264 Ga. 522, 523 (2) (448 SE2d 687) (1994). To impeach a witness with a prior inconsistent statement, the cross-examiner must lay the proper foundation, establish that the prior statement contradicts or is inconsistent with the witness's in-court testimony, and show that the prior statement is relevant. *Duckworth v. State*, 268 Ga. 566, 567 (1) (492 SE2d 201) (1997). In this case, as the trial court repeatedly ruled, the deputy's prior statement during the first trial did not contradict his in-court testimony. The State did not ask him about the field sobriety tests or Davidson's level of intoxication, and therefore no contradiction existed between his testimony at trial and his testimony at the previous trial. That particular previous testimony was not relevant to the issues at trial, and Davidson's counsel was otherwise allowed a thorough cross-examination of the deputy sheriff.

The ruling in *Humphrey v. State*, 244 Ga. App. 808, 812-813 (3) (537 SE2d 95) (2000), does not require a different result. In that case the first trial ended in a mistrial when two State's witnesses under subpoena failed to appear. Those witnesses were subsequently ordered to show cause why they should not be held in contempt, and one of them was sanctioned. We held that the trial court erred during the second trial by restricting the defendant's cross-examination of the two witnesses' failure to appear because their absence and the court's actions requiring them to show cause were relevant to their motives in testifying against him. Id. In this case, the State approached its questioning differently at the second trial and did not elicit the deputy sheriff's testimony about Davidson's level of intoxication or

his performance on the field sobriety tests. That change in the prosecution's strategy revealed nothing of the deputy's motives, and because his answers to the questions that were posed did not contradict his previous answers, the trial court did not abuse its discretion by sustaining the State's objections to Davidson's cross-examination in this regard.

2. Davidson contends that the trial court erred in denying his motion for a supersedeas bond during the pendency of this appeal and in failing to state the basis for its ruling. He concedes, however, that the issue is moot because he has already served his sentence, and we decline his suggestion that we reverse his conviction "to make up for the trial court's error" regarding the bond. The issue is also moot because we confirm the conviction. *Hunter v. State*, 219 Ga. App. 758, 759 (3) (467 SE2d 2) (1996).

*Judgment affirmed. Andrews, P. J., and Bernes, J., concur.*

DECIDED MARCH 20, 2007.

*Mary Erickson*, for appellant.

*Barry E. Morgan, Solicitor-General, Kimberly K. Frye, Assistant Solicitor-General*, for appellee.