## A07A1233. GORDY v. THE STATE.
### (651 SE2d 471)

JOHNSON, Presiding Judge.

George Gordy was charged by accusation with driving under the influence and possessing an open container of alcohol. The judge, sitting without a jury, found Gordy guilty of both charges. Gordy filed a motion for a new trial contending, among other things, that the court erred in denying his motion to quash the accusation because it did not allege venue. The trial court denied the motion as to Count 1 (DUI), but agreed with Gordy's argument as to Count 2 (possessing an open container of alcohol) and vacated the conviction on that count. Gordy appeals from the conviction on Count 1, reasserting the argument that the accusation did not properly allege venue. He also argues the court erred in revoking his supersedeas bond pending appeal. We affirm.

1. According to Gordy, Count 1 of the accusation is defective because it fails to contain all essential elements of the crime sought to be charged.[1] This argument presents no basis for reversal.

The accusation bears the heading "STATE OF GEORGIA, HENRY COUNTY" and reads, in pertinent part:

### COUNT 1

On behalf of the people of the State of Georgia, the undersigned, as prosecuting attorney *for the county and state aforesaid*, does hereby charge and accuse GEORGE ANDREW GORDY with the offense of DRIVING UNDER THE INFLUENCE [40-6-391 (a) (1)], for that said accused, did then and there . . .

(Emphasis supplied.)

This case is controlled adversely to Gordy by *Werner v. State*,[2] another DUI case arising in Henry County. In *Werner*, as in this case, the count at issue incorporated the "HENRY COUNTY" heading by using the "as prosecuting attorney for the county and state aforesaid" language in the body of the accusation.[3] We held that, by using that incorporating language, the state adequately alleged the county in

---

[1] See *Yates v. State*, 278 Ga. App. 422, 423 (629 SE2d 67) (2006) (venue is a material element that must be alleged in an accusation).

[2] 280 Ga. App. 853, 854 (635 SE2d 234) (2006).

[3] Id.

which the incident occurred.[4] Thus, the trial court properly denied the motion to quash, and Gordy's conviction on that count stands.[5]

Although we affirm the trial court's ruling, we point out that it is unforgivable for the Henry County solicitor-general's office to continue using accusation documents that fail to clearly allege venue. The solicitor-general could easily devise forms that state with clarity the county in which the offense allegedly occurred, and thereby avoid the costs which result from having to repeatedly defend the type of challenge raised here.

2. Gordy complains that the trial court erred in revoking his supersedeas bond before his right to appeal was terminated.[6] We note that whether to grant an appeal bond in a DUI case is in the discretion of the convicting court.[7] In any event, because we affirm the conviction, this issue is moot.[8]

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED AUGUST 22, 2007 —
RECONSIDERATION DENIED SEPTEMBER 10, 2007 — ▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮

*Brent D. Hutchison*, for appellant.
*Charles A. Spahos, Solicitor-General, Lydia M. Ferguson, Jefferson F. Upchurch, Assistant Solicitors-General*, for appellee.

