# Court of Appeals
# of the State of Georgia

ATLANTA,  November 09, 2018

*The Court of Appeals hereby passes the following order:*

**A19A0533.  ALVIN L. KENDALL et al. v. KATHYE DAWSON et al.**

In this civil action, in May 2017 the trial court entered a bill of peace and perpetual injunction against the respondents-appellants. Respondent-appellant Alvin Kendall appealed that order, but this Court remanded the case for the trial court's consideration of the petitioners-appellees' motion to dismiss the appeal based on the failure to timely file the transcript.  See Case No. A18A0498 (remanded Nov. 17, 2017).  On remand, the trial court dismissed the appeal.  Kendall appealed that ruling, but this Court dismissed the appeal based on his failure to timely file an enumeration of errors and brief.  See Case No. A19A0086 (dismissed Aug. 31, 2018).  Thus, any appeal of the bill of peace and perpetual injunction has been resolved and is no longer pending.

Apparently, on September 5, 2017, the trial court entered a monetary judgment of $243,920.26 in favor of the petitioners-appellees.  The respondents-appellants do not have any pending appeal of this monetary judgment.  On June 20, 2018, the trial court granted the petitioners-appellees' motion for supersedeas bond, ordering that supersedeas regarding the monetary judgment pending any appeal be conditioned upon the posting of a supersedeas bond.  The respondents-appellants then filed the instant appeal of the supersedeas ruling.  The petitioners-appellees have filed a motion to dismiss the appeal as moot.

We agree with the petitioners-appellees that this appeal is subject to dismissal as moot.  See OCGA § 5-6-48 (b) (3).  First, to the extent the supersedeas ruling relates to the bill of peace and perpetual injunction, any appeal of the bill of peace and perpetual injunction has been resolved and is no longer pending.  See *Simpson*

*v. Simpson*, 233 Ga. 17, 21-22 (209 SE2d 611) (1974) (where the underlying judgment is affirmed, the appeal of the trial court's supersedeas ruling regarding that judgment is rendered moot); *Muhammad v. Power Lending, LLC*, 311 Ga. App. 347, 349-350 (5) (715 SE2d 734) (2011) (same); *Smith v. State*, 264 Ga. App. 636 (591 SE2d 500) (2003) (same); *Syms v. State*, 240 Ga. App. 440, 442 (2) (523 SE2d 42) (1999) (same).  Second, while the supersedeas ruling appears to relate to the September 5, 2017 monetary judgment, there is no pending appeal of that judgment. See *Davidson v. State*, 284 Ga. App. 333, 336 (2) (643 SE2d 848) (2007) (an appeal of a supersedeas ruling was moot, where the defendant had already served his sentence and the defendant's conviction was being affirmed).  Accordingly, the motion to dismiss is hereby GRANTED, and this appeal is hereby DISMISSED AS MOOT.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,  11/09/2018*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*